## BLACKMAN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1918.)

No. 3216.

CRIMINAL LAW ⬤⟶1209—DOUBLE PUNISHMENT—WHAT CONSTITUTES.

Where defendant was convicted of carrying on the business of a retail liquor dealer without having paid the special tax therefor as required by law, and sentenced to imprisonment in the county jail, he cannot thereafter be sentenced on the same conviction to another and different punishment, which would in effect be punishing him twice for the same offense.

In Error to the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

Henry Blackman was convicted of carrying on the business of a retail liquor dealer without having paid the special tax therefor as required by law, and sentenced to imprisonment in the county jail. Thereafter he was sentenced to imprisonment in the federal penitentiary, and, his motion to set aside the last-mentioned sentence having

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

been overruled, he brings error. Reversed, and cause remanded, with directions that defendant be committed to the county jail to serve the unexpired portion of the first-imposed sentence.

R. P. Reese, of Pensacola, Fla., for plaintiff in error.

John L. Neeley, U. S. Atty., and G. E. Hoffman, Asst. U. S. Atty., both of Pensacola, Fla.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The plaintiff in error was convicted on an indictment charging him with carrying on the business of a retail liquor dealer without havng paid the special tax therefor as required by law. Thereupon he was, on November 14, 1917, sentenced to imprisonment in the county jail of Bay county, Fla., for the period of 60 days from the date of the sentence. Under a commitment issued on the same day, he was on November 15th delivered to the keeper of the Bay county jail. On November 20, 1917, he was brought before the court again, and was sentenced on the same conviction to imprisonment in the United States penitentiary at Atlanta for the period of 15 months from that date. The motion of the defendant to set aside the last-mentioned sentence having been overruled, a writ of error was sued out to review it.

The defendant had already served part of the first sentence when the second one was imposed. He was not subject to be twice punished for the same offense. It was ruled in Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, that one convicted of a criminal offense and sentenced to one punishment, to which he has been subjected, cannot properly thereafter be sentenced on the same conviction to another and different punishment; the necessary effect being to punish twice for the same offense.

The last-mentioned judgment is reversed, and the cause is remanded, with direction that the defendant be committed to the county jail of Bay county, Fla., to serve the unexpired portion of the first-imposed sentence.