**SIMMONS v. UNITED STATES.** [*]

**No. 8075.**

Circuit Court of Appeals, Fifth Circuit.

April 15, 1937.

[*]Rehearing denied May 18, 1937.

592

Walter C. Linden, Jr., Walter P. Luck and Marvin B. Simpson, all of Fort Worth, Tex., and J. Forrest McCutcheon, of Oklahoma City, Okl., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones and Clyde G. Hood, Asst. U. S. Attys., both of Dallas, Tex., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted on five counts of two indictments consolidated for trial. Indictment 6512 had but one count and charged appellant Simmons, together with Miller, Greene, Halfin, and Regan, with conspiring to violate title 18, U.S.Code, § 338 (18 U.S.C.A. § 338), by operating a scheme to defraud by use of the mail. Indictment 6520 was in four counts. Count 4 charged a different but similar conspiracy between Simmons, Miller, and Greene to violate the mail fraud statute. The first, second, and third counts of indictment 6520 each charged the substantive offense of mailing a letter in furtherance of the fraudulent scheme, respectively to W. H. Ackerman, C. C. Godfrey, and Z. R. Stocker, with intent to defraud said named persons. There are thirty-six assignments of error. As usual when the assignments are so multiplied, most of them are without substance and will require no discussion.

The case went to trial at Fort Worth before the Honorable T. Whitfield Davidson, District Judge, on March 10, 1936. On March 9, 1936, appellant presented a petition to disqualify the judge, under the provisions of section 21, Judicial Code (28 U.S.C.A. § 25). The affidavit in support thereof, on information and belief, alleged that Judge Davidson had represented one Jimmie Cox and wife, Margaret Cox, in certain legal matters until a short time before taking his oath of office as judge; that Harry W. Greene, one of the defendants in the case on trial, is related to Jimmie Cox and wife and will be an important witness for the government against petitioner; that Margaret Cox had been subpœnaed as a witness for the government in the case; that the court is friendly inclined towards Cox and wife and Greene, and that by reason of these facts petitioner verily believed that the court has a personal bias and prejudice against him and in favor of his codefendant, Harry W. Greene. The motion to disqualify was overruled by Judge Davidson. Error is assigned to that action.

As indictment 6520 was not returned until March 9th, which was the first day of the term, we will assume that good cause is shown for not filing the petition sooner. However, it is settled that an affidavit of disqualification under the section must state facts showing the personal prejudice of the judge against the defendant and not baseless conclusions. The judge may not con-

sider whether the facts are truthfully recited, but he may pass upon their sufficiency as showing personal prejudice. We agree with the District Court in his ruling that the facts alleged were insufficient to show good cause for recusation within the letter and intent of the statute. Berger v. U. S., 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Wilkes v. U. S. (C.C.A.) 80 F.(2d) 285.

■ Error is assigned to the refusal of the court to direct a verdict for defendant on each count of the indictments. Without stopping to review the evidence in full, it is sufficient to say there was evidence before the jury tending to show the fraudulent character of the schemes; the participation of appellant in them; the existence of the conspiracy between the persons named; the doing of overt acts charged as in furtherance of the conspiracies and the mailing of the three letters charged as substantive offences. It is contended that there was no evidence that the letter sent to Ackerman, forming the basis of count 1 of indictment 6520, was mailed at Fort Worth and therefore jurisdiction of the court on that particular count was not shown. This point was not raised in the trial court. The introduction of the letter in evidence was objected to but not on that ground. The indictment alleged the letter was mailed at Fort Worth. There was evidence tending to show the following facts. Some 60 to 70 letters, all of the same tenor as those charged in the indictment, were mimeographed at Fort Worth and were addressed by several stenographers, one of whom was Mrs. Greene, the wife of a codefendant, who pleaded guilty. Practically all of these letters were mailed at Fort Worth to intended victims. All the defendants lived in Fort Worth. Greene, a codefendant, testified he mailed the letters to Godfrey and Stocker, forming the basis of counts 2 and 3 of indictment 6520, at Fort Worth. He also testified he mailed the letter to Ackerman but did not say he mailed it at Fort Worth. He was not cross-examined on this. It appears from his testimony that he went to places other than Fort Worth in execution of the scheme but did not leave Fort Worth to go to these other places until after the letters had been mailed. At most, the objection would go to the venue of the court. The crime was committed by the mailing of the letter, and appellant could have been prosecuted either at the place where it was mailed or where it was taken from the mail. Because of the absence of evidence tending to show that the Ackerman letter was not mailed at Fort Worth, and the failure of appellant to bring that particular point to the attention of the trial court, we consider there was evidence before them sufficient to permit the jury to find that the Ackerman letter was mailed at Fort Worth. The assignments running to the want of substantial evidence to sustain the verdict present no grounds for reversal.

Error is assigned to the sentence imposed. The record discloses the following facts: The verdict of guilty was returned against appellant on March 12, 1936, and he was remanded to the custody of the marshal to await sentence. On March 17, 1936, judgment on the verdict was entered. Appellant was sentenced to imprisonment of seven years on count 1 and to pay a fine of $10,000 on count 2 of indictment 6520, and in default of the payment of the fine to be further imprisoned in accordance with section 1042, Rev.Stat. (18 U.S.C.A. § 641). A general sentence of five years' imprisonment was imposed on counts 3 and 4 of indictment 6520 and on indictment 6512. Execution of sentence on these last three counts was suspended for five years and defendant was placed on probation, to begin at the expiration of the sentence on the first and second counts of indictment 6520. The judgment directed the marshal to transport defendant from the Tarrant county jail at Fort Worth, Tex., to the United States Penitentiary at Leavenworth, Kan., where the sentence was to be executed.

On June 27, 1936, the United States Attorney filed a petition in this court for an order to supplement the record. This was argued and submitted with the merits. From this application, and the certificate of the clerk annexed, it appears that on May 27, 1936, the District Judge, on notice to appellant, but in his absence, entered an order to correct the minutes and rendered an entirely new judgment, which imposed a sentence of two years' imprisonment on indictment 6512, instead of a suspended sentence, and a sentence of five years' imprisonment on count 1 of indictment 6520, instead of seven years, service of the sentence to commence at the expiration of the sentence on indictment 6512, and imposed a fine of $10,000 on count 4 of indictment 6520, instead of a suspended sentence of imprisonment. The new judgment imposed

a sentence of three years' imprisonment on count 2 and two years' imprisonment on count 3 of indictment 6520, these last two sentences to be suspended as provided in the original sentence. In support of the motion it is contended by the United States that the term at which the original sentence was imposed had not expired and the District Court had jurisdiction to enter an order correcting the minutes and to then conform the sentence to the corrected minutes.

For the purpose of considering the petition we accept its allegations as true and take notice that the term had not expired. It may be conceded, as a general proposition, that, within the term, the trial court has control over any judgment rendered and may correct the minutes to have them conform to what was actually done at the time the judgment was entered. But this rule is subject to exceptions. In Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872, it was held that after a defendant has begun to serve his sentence the trial court is without power to amend it so as to increase the penalty. In U. S. v. Murray, 275 U.S. 347, 48 S.Ct. 146, 149, 72 L.Ed. 309, it appears that Murray was granted probation within the term, but after he had served one day of his sentence. The Supreme Court held this could not be done and stated the rule broadly, as follows: "The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it." In U. S. v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354, the Murray Case was distinguished and restricted as authority to cases in which the provisions of the probation act were sought to be applied. It was held that within the term the trial court has authority to set aside the sentence and modify it on the application of the prisoner. There is nothing in the opinion that would weaken the general rule. as applied in Ex parte Lange and U. S. v. Murray, supra, and the Murray Case may be considered authority, by analogy, for holding that while suspension of sentence and probation may not be granted after service of sentence was begun, neither may they be arbitrarily taken away.

There is another exception to the rule. Where an appeal has been perfected, jurisdiction of the trial court is suspended pending appeal, and that court can do nothing that would weaken or set aside the judgment on appeal. The reason for this rule is readily apparent. If the trial court could amend the judgment at all, it could so amend it as to render it nugatory and either destroy the basis of the appeal or make the case in the appellate court moot. If the appellant were not injured to any greater extent, the amendment might destroy his right to recover costs of appeal.

After an appeal is taken the trial court has limited jurisdiction to enter orders in aid of the appellate jurisdiction. The trial court may settle and sign a bill of exceptions, within the term or within a valid extension of time granted for that purpose. Hunnicutt v. Peyton, 102 U.S. 333, 26 L.Ed. 113. In a suit in equity the trial court may enter an order to preserve the status quo. Newton v. Consolidated Gas Co., 258 U.S. 165, 42 S.Ct. 264, 66 L.Ed. 538. The trial court may also supply omissions inadvertently caused, and correct clerical errors in the record to have it conform to the judgment on appeal. Hovey v. McDonald, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888.

In Keyser v. Farr, 105 U.S. 265, 26 L.Ed. 1025, the rule was stated as follows: "After the acceptance of the bonds for the appeal and the docketing of the cause in this court, the jurisdiction of the court below was gone. From that time the suit was cognizable only in this court." See, also, Draper v. Davis, 102 U.S. 370, 26 L.Ed. 121.

In Re Bills of Exceptions (C.C.A.) 37 F.(2d) 849, 850, in an opinion extensively reviewing authorities, the rule was thus stated: "When an appeal is allowed from a final judgment or decree, the jurisdiction of the trial court is lost, excepting as its power ·to perfect and complete the record * * * in aid of the appellate court jurisdiction." In U. S. v. Habib (C.C.A.) 72 F.(2d) 271 it was held that after appeal was perfected the District Court was without jurisdiction to enter judgment reducing the sentence. This is not in conflict with the Benz Case, supra, as in that case an appeal had not been taken. In Lasier v. Lasier, 47 App.D.C. 80, it was held that after an appeal was perfected the trial court had no power to make any change in the decree, although it would seem that in that case the amendment amounted to no more than the correction of a clerical error.

Under the provisions of the Rules of the Supreme Court regulating appeals in criminal cases, promulgated May 7, 1934 (28 U.S.C.A. following section 723a), an appeal

is taken by filing a notice of appeal in duplicate with the clerk of the trial court and operates as a supersedeas, unless the defendant elects to begin serving his sentence. Rules 3 and 5. The appeal is perfected and complete control of the case is vested in the appellate court when the duplicate notice of appeal and the statement of the essential docket entries are forwarded by the clerk of the trial court to the appellate court. Rule 4.

In this case notice of appeal was filed on March 19, 1936. An order staying execution of sentence pending appeal was entered on March 21, 1936. The duplicate notice of appeal and statement of docket entries were forwarded by the clerk of the trial court to this court on March 21st. Defendant remained in custody until he was enlarged on bail by order of this court on March 23, 1936. The record, containing the bill of exceptions, the indictments and relevant minute entries, was received and filed in this court on May 14, 1936.

■ The first and second counts of indictment 6520 charged violations of the statute prohibiting the mailing of a letter in furtherance of a fraudulent scheme. Section 215, Criminal Code (18 U.S.C.A. § 338). The maximum penalty provided by the statute is a fine of not more than $1,000 or imprisonment of not more than five years, or both. It is apparent that the imposition of a sentence of seven years' imprisonment on the first count and a fine of $10,000 on the second count of indictment 6520 was illegal. Appellant had served two days of his sentence before it was suspended by the filing of his notice of appeal, under the provisions of the Act of June 29, 1932, § 1 (18 U.S.C.A. § 709a). The legal extent of the sentence imposed on him under count 1 of indictment 6520 was five years' imprisonment and under count 2 the fine imposed could not exceed $1,000. It follows that had no change been made in the sentence appellant would have been entitled to release on habeas corpus at the expiration of the sentence of five years' imprisonment, upon paying a fine of $1,000. In default of paying the fine he would have been entitled to release thirty days thereafter upon complying with the provisions of Rev.Stat. § 1042, 18 U.S.C.A. § 641. By dividing the penalty of seven years and shifting two years' imprisonment to a count under which he was originally granted a suspensive sentence his

term of imprisonment was increased. Furthermore, by setting aside the suspended sentence on two counts he was deprived of the beneficial provisions of the Probation Act, as amended, 18 U.S.C.A. §§ 724–727.

Of course, on a suggestion of diminution of the record, we could order up missing parts of the record and it may be conceded that there was power in the District Court within the term to correct clerical errors in the record to make it conform to the judgment on appeal. But that was not what was attempted to be done. What the trial court did went far beyond a legitimate effort to correct the minutes and was intended to enter an entirely new judgment. This was not in support of the judgment on appeal. On the contrary, if permitted, it would be destructive of it. The proceedings in the District Court we are asked to order up and make part of the record on appeal were had after appellant began to serve the sentence and after the appeal had been perfected. We consider that the District Court was without jurisdiction to make the correction alleged in the petition. The petition to correct the record is denied.

The sentences imposed on counts 1 and 2 of indictment 6520 were illegal but not wholly void. They are voidable only for the excess of the punishment imposed. The sentence was the act of the judge and not of the jury. It would serve no good purpose to remand the case for a new sentence as we have authority to amend it by reducing it to the legal limit allowed by the statute. Johnson v. U. S. (C.C.A.) 32 F.(2d) 127; Spirou v. U. S. (C.C.A.) 24 F.(2d) 796, certiorari denied 277 U.S. 596, 48 S.Ct. 559, 72 L.Ed. 1006.

The other assignments of error are technical and without substance and require no discussion. Except as to the excessive sentence, the record presents no error affecting substantial rights of appellant. 28 U.S.C.A. § 391; 18 U.S.C.A. § 556; Hagner v. U. S., 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Southern Railway Co. v. U. S. (C.C.A.) 88 F.(2d) 31, decided February 15, 1937.

The judgment will be amended by reducing the sentence imposed on count 1 of indictment 6520 to five years' imprisonment and by reducing the sentence imposed on count 2 of the same indictment to a fine of $1,000. As thus amended, the judgment is affirmed.