### No. 3347.

Circuit Court of Appeals, First Circuit.

Oct. 29, 1938.

## BANDY v. ZERBST, Warden.

### No. 8780.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1938.

Harvey D. Eaton, of Waterville, Me., for appellant.

F. Harold Dubord, of Waterville, Me., for appellees.

Before BINGHAM and WILSON, Circuit Judges, and BREWSTER, District Judge.

584

Jasper Bandy, in pro. per.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger and J. Ellis Mundy, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order discharging a writ of habeas corpus and remanding appellant to the custody of appellee.

Upon a plea of guilty in the Middle District of Tennessee, appellant was sentenced to serve two years and pay $500 for attempting to defraud the United States of the tax on distilled spirits in violation of 26 U.S.C.A. § 1155(f), R.S. § 3257; to serve one year and pay $100 for possession of an unregistered still in violation of 26 U.S.C.A. § 1162, R.S. § 3258, said sentence to begin on the expiration of that imposed on the charge of attempting to defraud the United States of the tax; and to serve two years and pay $100 for carrying on the business of a distiller without giving bond as required by 26 U.S.C.A. § 1184, R.S. § 3281, this sentence to begin at the expiration of that imposed on the charge of possessing an unregistered still; making a total of five years to be served. The sentence was imposed on March 31, 1936, on an indictment filed November 13, 1935, charging the commission of the offenses on August 28, 1935. Appellant contends, first, that the statutes upon which the charges were based were rendered inoperative by the adoption of the Twenty-first Amendment, U.S.C.A.Const. Amend. 21, and, second, that the offenses charged were merged and constituted one and the same offense, punishable by only one sentence.

Since it appears that neither contention of appellant may be sustained, we pass the question of whether or not these matters properly may be presented in this proceeding, and consider appellant's assignments on their merits. Cf. Moyer v. Anderson, 5 Cir., 203 F. 881, and cases cited.

The pertinent sections of the Revised Statutes, and the Acts of Congress upon which they were based, were repealed by the enactment of the National Prohibition Act, 41 Stat. 305. U. S. v. Yuginovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043; U. S. v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 67 L. Ed. 358. They became inoperative on October 28, 1919, and remained so until the adoption of the Act of November 23, 1921, 27 U. S.C.A. § 3. While the derivative statutes were repealed, and the re-enactment was treated as a part of the National Prohibition Act, no one of them was dependent upon either the Eighteenth Amendment, U. S.C.A.Const. Amend. 18, or the National Prohibition Act for its validity. Thus, while the National Prohibition Act fell with the adoption of the Twenty-first Amendment, U.S.C.A.Const. Amend. 21 (U. S. v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510), the Act of November 23, 1921, 27 U.S.C.A. § 3, remained unaffected thereby in so far as it re-enacted the provisions of the former liquor revenue statutes; and those laws remained in full force and effect. Benton v. U. S., 4 Cir., 70 F.2d 24; Rand v. U. S., 8 Cir., 77 F.2d 52; Deutsch v. Aderhold, 5 Cir., 80 F.2d 677; Tramp v. U. S., 8 Cir., 86 F.2d 82.

As to the merger or separability of the offenses, it is clear that, while the sum of all of them may have constituted one transaction, each is a separate step or series of steps and proof of each offense may be made by evidence having no relation to the others. The case is controlled by the principle laid down in Albrecht v. U. S., 273 U. S. 1, 47 S.Ct. 250, 71 L.Ed. 505. See, also, Borgia v. U. S., 9 Cir., 78 F.2d 550, and Meyers v. U. S., 6 Cir., 94 F.2d 433.

The judgment of the district court is affirmed.