## DURRETT v. UNITED STATES.
### No. 9219.

Circuit Court of Appeals, Fifth Circuit.
Nov. 22, 1939.

Rehearing Denied Dec. 13, 1939.

M. S. Ross, of Nashville, Tenn., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from separate sentences aggregating sixty years' imprisonment on four counts of an indictment charging violations of the act of May 18, 1934, 12 U.S.C.A. § 588b, as amended by the act of August 24, 1937, c. 747, 50 Stat. 749. On the record before us, no question is presented except the sufficiency of the indictment to sustain the sentences of twenty years each on the first and second counts, the appellant conceding that the single sentence of twenty years on counts three and four is valid.

Omitting formal parts, the first count, in substance, charged appellant with entering a member bank of the Federal Reserve System with intent to commit larceny therein; the second count charged him with attempting to take from the person of the president of said bank a named sum of money; count three charged that the defendant, in committing the offense described in the second count, did put in jeopardy the life of the president of said

bank by the use of a dangerous device, namely, a lethal bomb; the fourth count is identical with the third, but as only one sentence, which is for a term less than either count would support, was imposed on both, no attack is made thereon in this court.

The appellant contends that counts one and two were merged into counts three and four; and that the judgment of the court below should not be permitted to stand for a longer term of imprisonment than twenty years. In his brief, the attorney for appellant says:

"We respectfully submit, therefore, that the sentence of twenty years under counts three and four of this indictment was valid and the defendant is serving that sentence. The other two sentences were in effect double, or rather triple, punishment in violation of the Fifth Amendment to the Constitution of the United States, U.S.C.A., and the attempt to do that was to that extent void. And we ask this Court to so hold. We ask nothing more."

■ This case is before us on the indictment, plea of guilty to each count thereof, and the judgment imposing sentences, as aforesaid, to run consecutively. With respect to count one, there is no indication of a merger, as there is nothing in the record to show that the appellant put in jeopardy the life of any person by the use of a dangerous weapon or device when he entered the bank with the intent of committing a larceny therein; but conceding that he did commit the crime of so entering the bank in the aggravated manner and form denounced in subsection (b) of said section 588b, he was not charged therewith in the indictment, but was charged with the lesser offense denounced in subsection (a), plead guilty thereto, was sentenced thereunder, and should not now be heard to say that his offense was more serious than the one to which he plead guilty.

■ · When the same act or acts constitute infractions of two or more prohibitions, there may be an offense for each provision violated,[1] and the successive steps of a transaction may be punished separately or collectively.[2] The contention of appellant that Congress may not punish the successive steps of a transaction which it may prohibit is contrary to the federal rule.[3] We think the offense charged in count one is separate and distinct from any in the remaining counts, and the sentence imposed with respect thereto must be upheld.

■ The case is different as to count two. It appears from the face of the indictment that the offense therein charged was committed in its aggravated form by putting the life of the president of the bank in jeopardy by the use of a deadly device, and appellant was sentenced for this same offense under counts three and four. The ingredients of the offenses charged in the last three counts of the indictment are so identical that the same facts would sustain any one of the counts. Whether we call it a merger of the lesser into the greater offense or whether we say that subsection (b) simply provided a heavier punishment for the same offense when committed under aggravated circumstances, it is certain that the act is so drawn as to indicate an intention of the Congress to punish only for the greater offense where the identical testimony necessary to prove it is also necessary to prove the lesser.

■ The use of a dangerous weapon or device and the putting in jeopardy of the life of the person named in counts three and four are but the means used in committing the offense charged in count two. In these circumstances, the statute provides that the maximum punishment fixed in subsection (a) shall not apply, but that the minima and maxima set up in subsection (b) shall be applicable. Reduced to its simplest terms, the statute says that whoever feloniously attempts to take shall be punished by a fine not to exceed $5,000 or imprisonment not to exceed twenty years, or both; but if in the attempt a dangerous weapon or device is used to place in jeopardy the life of any person, then the fine shall be not less than $1,000 nor more than $10,000, and the imprisonment shall be not less than five years nor more than twenty-five years. It follows that the facts as alleged in counts two, three, and

---

1 Gavieres v. U. S., 220 U.S. 338, 31 S. Ct. 421, 55 L.Ed. 489.

2 Albrecht v. U. S., 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505; Bandy v. Zerbst, 5 Cir., 99 F.2d 583; Fleisher v. U. S., 6 Cir., 91 F.2d 404.

3 Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153. Cf. Flemister v. U. S., 207 U.S. 372, 28 S.Ct. 129, 52 L.Ed. 252.

440

four show the commission of only one offense, for which only one sentence may be imposed.[4]

For the reasons stated, the judgment of the district court is affirmed as to counts one, three, and four, but reversed as to count two, and the cause is remanded for correction of the mittimus and for such further proceedings as are not inconsistent with this opinion.

---

[4] Cf. Casebeer v. U. S., 10 Cir., 87 F.2d 668.