## WELLS v. UNITED STATES.
### No. 10079.

Circuit Court of Appeals, Fifth Circuit.
Dec. 16, 1941.

Rehearing Denied Jan. 12, 1942.

Selvie W. Wells, in pro. per., Alcatraz Island, Cal., for appellant.

Ben F. Foster, U. S. Atty., of San Antonio, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

Appellant entered a plea of guilty to an indictment in four counts charging the robbery of a bank in violation of the federal statute. 48 Stat. 783, 12 U.S.C.A. § 588b. The counts charged (1) forcible robbery of a state bank insured by the Federal Deposit Insurance Corporation under 12 U.S.C.A. § 264, by force and violence and putting in fear; (2) assault upon a person in the commission of the offense; (3) robbery of the bank by putting the life of a person in jeopardy by the use of a dangerous weapon; and (4) entering the bank with the intention of committing robbery, a felony, therein. He was sentenced to the maximum imprison-

ment for each count, to be served consecutively.

A motion was filed in the court below alleging that the sentences were in excess of the maximum punishment provided by the statute, for the reason that the second and third counts charged the commission, in aggravated form, of the same crime charged in the first count, and separate maximum sentences thereon constituted double and triple jeopardy; that the sentences, therefore, were void and should be vacated; and that the prisoner should be brought before the court for resentence. The motion was denied, and this appeal followed.

■ Section 588b(a), supra, creates four separate and distinct crimes. Two of these, robbery of a bank by force and violence and putting in fear, and entry of a bank with the intent to commit a felony therein, were charged by counts one and four, respectively. Section 588b(b) creates no separate offense, but it provides for increased punishment if the crimes named in subsection (a) are committed under aggravated circumstances. For each offense committed under subsection (a), the statute contemplates but one sentence, the severity thereof depending upon the manner of its perpetration.[1]

■ Count one of the indictment charged the robbery of a bank by force and violence and putting in fear. Counts two and three charged that this offense was committed in aggravated form. Conviction under the first three counts therefore constitutes a conviction of the single crime of robbery, in aggravated manner, of a bank. The maximum punishment therefor is that provided by 588b(b), which was imposed under count three. The sentence imposed under count three comprehended the single offense charged in the first three counts, and was, therefore, the only sentence that was or could be lawfully imposed thereunder.[2]

■. Count four does not allege that the second crime charged, the entry of the bank with the intent to rob it, was attended by aggravating circumstances. Therefore, Section 588b(b) has no application to this offense, and the maximum penalty therefor is that provided by Section 588b(a). The separate sentence upon this count was in conformity with the statute, and must be upheld.

Since the first three counts taken together alleged only one offense, and only one sentence should have been imposed thereon; and since the fourth count alleged a separate and distinct offense, and the sentence imposed thereon was proper, —the motion to vacate the judgment below should have been sustained as to the sentences imposed under said counts one and two, and overruled as to those imposed under said counts three and four. The sentences imposed under said counts one and two should be and hereby are set aside, annulled, and held for naught, and it is ordered and adjudged that no further sentence be imposed thereon.

The judgment appealed from is affirmed in so far as it upheld the sentences imposed under counts three and four, and reversed as to the sentences imposed under counts one and two; and this cause is remanded to the district court for the correction of the mittimus, and for such further proceedings as are not inconsistent with this opinion.

---

[1] Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Durrett v. United States, 5 Cir., 107 F.2d 438; Hewitt v. United States, 8 Cir., 110 F. 2d 1.

[2] Same as note 1.