## RUTLEDGE v. UNITED STATES.
### No. 11101.

Circuit Court of Appeals, Fifth Circuit.
Dec. 27, 1944.

Hulan Rutledge, of Leavenworth, Kan., in pro. per., for appellant.

Malcolm E. Lafargue, U. S. Atty., and John A. Patin, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The Federal Escape Act, 18 U.S.C.A. § 753h, provides that any person in federal custody under sentence, or in federal custody pursuant to lawful arrest, who escapes or attempts to escape from such custody, shall be guilty of an offense; and that the sentence imposed thereunder "shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape." It further provides that if the person is under sentence at the time of the offense, the sentence imposed for the escape shall begin at the expiration of or legal release from the sentence being served.

The questions presented by this appeal are (1) whether one who attempts to escape while in federal custody pursuant to lawful arrest may for such offense be given

a separate sentence that runs concurrently with the sentence imposed for the offenses that caused his arrest, and (2) if not, whether the court has power, during the same term but after service of the sentences has begun, to correct the sentence imposed so as to increase the punishment.

Appellant, who was in custody pending the action of the grand jury upon charges that he had violated the Mann Act, 18 U.S.C.A. § 397 et seq., the Dyer Act, 18 U.S.C.A. § 408, and the conspiracy statute, 18 U.S.CA. § 88, attempted to escape. The grand jury subsequently returned one indictment charging him with the offenses for which he was held, and another indictment charging that he violated and conspired to violate the Federal Escape Act. Pleas of guilty were entered to both indictments.

On October 7, 1942, appellant was given a three-year sentence under the first count of the first indictment, said sentence to run concurrently with a two-year sentence given under the second indictment; and the imposition of sentence under the remaining counts of the first indictment was suspended. Under the second indictment, appellant was sentenced to two years in the penitentiary, said sentence to run concurrently with the three-year sentence under the first indictment. On March 15, 1943, after appellant had begun the service of his sentences, he was brought before the court and a "corrected judgment of sentence" on the second indictment was entered over his protest, which sentence in part provided: "It is hereby ordered and adjudged that the sentence heretofore imposed be corrected so as to comply with the statute and provide that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for the period of two years on the first count of said indictment, said sentence to begin upon the expiration of the three-year sentence imposed" under the first indictment.

The court below undertook to correct the sentence because it construed the Federal Escape Act to require that any sentence imposed thereunder should run consecutively to any sentence imposed for the offenses under which the defendant was in custody when the escape was attempted. The Government takes the same position in this court. At the time appellant attempt-

ed to escape, he was not serving any sentence, but was held in custody pursuant to lawful arrest. In order that his sentence for this offense should conform to the statute, it was only necessary that it should be "in addition to and independent of" his sentence for his other crimes.

We think his original sentence met these requirements. It was a separate sentence under a separate indictment. It was in all respects a complete sentence within itself. Had the three-year sentence under the first indictment been void, the second sentence would not have been vitiated or otherwise affected thereby. The mere fact that the respective sentences were to begin at the same time did not alter the fact that the second sentence was separately and additionally imposed, and that it was wholly independent of the first.

If Congress had intended to require that the sentence for such offense should run consecutively to the sentence for the offense causing the custody, it would doubtless have employed language plainly expressive of that intent; indeed, such language was used in connection with escapes attempted after the imposition of sentence. The choice of such different language further indicates that it was not the intent of Congress to impose identical requirements in both instances. Moreover, we must apply the established rule that criminal statutes must be construed favorably to the liberty of the citizen.

The attempted correction of the second sentence to provide that it should begin upon the expiration of the first sentence increased by two years the period of penitentiary service imposed upon appellant. The federal courts have no power to increase a sentence fixed by a valid judgment. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann. Cas.1917B, 355; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Roberts v. U. S., 320 U.S. 264, 64 S.Ct. 113; Roberts v. United States, 5 Cir., 131 F.2d 392.

For these reasons, the corrected sentence imposed under the second indictment was beyond the power of the court, and was void. Since the original sentence under that indictment was valid and was not set

aside, it is unnecessary that any other sentence be imposed. The motion to vacate the corrected judgment of sentence should have been granted; wherefore, the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.