## UNITED STATES v. MURRAY.
### No. 8809.

Circuit Court of Appeals, Third Circuit.
Submitted on Briefs May 7, 1945.

Decided June 1, 1945.

Charles F. Uhl, U. S. Atty., and George Mashank, First Asst. U. S. Atty., both of Pittsburgh, Pa., for appellee.

Before BIGGS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

PER CURIAM.

The appellant, Murray, was indicted by a Grand Jury of the District Court of the United States for the Western District of Pennsylvania on March 22, 1939. The indictment contains two counts. The first count was based on an alleged violation by the appellant and others of subparagraph (a) of Section 588b of Title 12 U.S.C.A., charging that the appellant and others had robbed a national bank in Venango County, Pennsylvania, by force and violence and putting in fear. The second count was based on an alleged violation of subparagraph (b) of Section 588b, charging that the appellant and others had committed the offense stated in the first count by putting in jeopardy the lives of certain persons within the bank by the use of a dangerous weapon, viz., a revolver. The maximum sentence of imprisonment prescribed for the offense created by subparagraph (a) of Section 588b is twenty years. The maximum penalty of imprisonment prescribed for the offense created by subparagraph (b) is twenty-five years. The defendant was found guilty on both counts and on June 6, 1939 was sentenced to a term of imprisonment for twenty-five years. In 1944, the appellant filed a motion in the court below for a correction of his sentence, alleging in substance that the indictment did not accuse the appellant of a crime within the purview of Section 588b(b) of Title 12, and that, therefore, he was sentenced illegally to a term of twenty-five years. The court below denied his petition and he has appealed. On April 24, 1945 he also filed in this court as part of a supplemental brief an alternative motion for leave to file a petition for a writ of error coram nobis asserting the same grounds of error to the court below.

The appellant seems to contend that judgment of sentence could be legally imposed on him only under his conviction on count one because the second count of the indictment did not charge a crime in that it did not allege that the appellant assaulted persons in the bank *and* put them in jeopardy by the use of a dangerous weapon. In short, the appellant contends that the disjunctive "or" employed in subparagraph (b) of Section 588b occurring between the phrases "assaults any person" and "puts in jeopardy the life of any person by the use of a dangerous weapon" must be read as if it were the word "and", a conjunctive as distinguished from a disjunctive. The intent of Congress is to be gathered from a reading of the statute. Had Congress intended the meaning on which the appellant insists it would have used the word "and" instead of the word "or". Compare the facts and the decision in Meyers v. United States, 5 Cir., 116 F.2d 601. It is clear that the second count of the indictment validly supports the twenty-five year sentence imposed upon the appellant.

The remaining points raised by the defendant do not require discussion. The order of the court below denying the prayers of the appellant's petition for a correction of sentence is affirmed. Leave to file a writ of error coram nobis to the court below is denied.