## UNITED STATES v. VASILICK.

### No. 10515.

District Court, M. D. Pennsylvania.

Nov. 5, 1946.

William Vasilick, pro se.

Neither party represented by counsel.

FOLLMER, District Judge.

William Vasilick presently confined in the United States Penitentiary at Alcatraz, California, under a sentence of twenty-five years imposed by the Court in this District on November 12, 1942, has petitioned the Court to correct that sentence which he now alleges was erroneous.

The petitioner was convicted upon an indictment charging in the first count robbery of a national bank by force and violence and putting in fear with the use of machine gun, pistols and revolvers, under 12 U.S.C.A. § 588b(a); and in the second count charging the same offense with the additional aggravating circumstances of a felonious assault, and putting in jeopardy by the use of dangerous weapons, to wit, machine gun, pistols and revolvers, under 12 U.S.C.A. § 588b(b).

The Court in this District, under date of November 12, 1942, imposed the following sentence:

"Twenty-Five (25) Years on Count Two of the Indictment, and pay a fine of Ten Thousand ($10,000.00) Dollars on Count Two of the Indictment: * * *.

"It is Further Ordered that sentence is suspended on Count One of the Indictment, for the reason that the offense therein charged is considered as having been merged in the second count of the indictment."

Defendant has now filed a motion to vacate the judgment of "twenty-five years and fine of ten-thousand dollars, entered on count two of the indictment," stating as his reason therefor that the charges in counts 1 and 2 of the indictment constitute but one offense and that "therefore the Court in disposing of, and entering judgment on count one, exhausted its sentencing power, * * *."

The judgment so imposed was not erroneous and does not require correction.

It is true that the offense charged in the first count of the indictment in the instant case was merged with that charged in the second count of the indictment and constitutes but one offense. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

In imposing sentence upon such an indictment, containing the two counts, the Courts, since the decision in the Holiday case, supra, have uniformly held that a defendant should be sentenced upon that count of the indictment charging the aggravating circumstances and should not be sentenced on the count charging the lesser offense. United States v. Murray et al., D.C.W.D.Pa., 57 F.Supp. 590; Wilson v. United States, 9 Cir., 145 F.2d 734; Hewitt v. United States, 8 Cir., 110 F.2d 1, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409; United States v. Holiday, D.C. N.D., 44 F.Supp. 747, affirmed 8 Cir., 130 F.2d 988. That is precisely the procedure

followed by the sentencing Judge in the instant case.

Consequently, the motion of William Vasilick to vacate the sentence imposed on Count 2 of the indictment aforesaid is denied.