## UNITED STATES v. VASILICK.

### No. 9305.

Circuit Court of Appeals, Third Circuit.

Submitted March 3, 1947.

Decided April 3, 1947.

William Vasilick, in pro. per., for appellant.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The defendant, Vasilick, was convicted on two counts of an indictment charging violations of the Bank Robbery Act, 12 U.S.C.A. § 588b(a) and (b). He was sentenced to a term of imprisonment and to pay a fine on the second count while sentence was "suspended" on the first. This occurred on November 12, 1942. Approximately four years later Vasilick filed a motion to vacate the judgment of sentence on count 2, alleging that the court below "in entering judgment and disposing of count 1 * * *, had exhausted its power to sentence and therefore was without jurisdiction to dispose of and impose sentence * * * on count 2 * * *." The court below denied the motion, basing its decision on Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392, and United States v. Murray, D.C., 57 F. Supp. 590, affirmed 3 Cir., 149 F.2d 932. See 68 F.Supp. 725.

The defendant has appealed. He asserts (1) that the court below erred in denying his motion, misapplying the law thereto, and (2) that the District Judge, who denied it, was disqualified by reason of Section 20 of the Judicial Code, 28 U.S.C.A. § 24. In view of the fact that we agree

with the defendant's second contention it is unnecessary to discuss his first.

Section 20 of the Judicial Code provides: "Whenever it appears that the judge of any district court is in any way concerned in interest in any suit pending therein, or has been of counsel or is a material witness for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial, it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court; and also an order that an authenticated copy thereof shall be forthwith certified to the senior circuit judge for said circuit then present in the circuit; and thereupon such proceedings shall be had as are provided in sections 17 and 18 of this title."

R.S. § 771, 28 U.S.C.A. § 485, provides that: "It shall be the duty of every district attorney to prosecute, in his district, all delinquents for crimes and offenses cognizable under the authority of the United States * * *".

The indictment on which Vasilick was tried and convicted was signed by the District Judge who denied Vasilick's motion since he was the District Attorney for the Middle District of Pennsylvania when the indictment was returned. As we read Section 20 of the Judicial Code it compels a judge of a district court of the United States to disqualify himself whenever he has been of counsel for either party in the case before him. The statute does not compel disqualification where the judge has been of counsel for one of the parties in a different cause. See The Richmond, C.C. La., 9 F. 863. It has been held that a judge is not subject to disqualification because as district attorney he signed a prior indictment against a defendant, based on some of the transactions charged in a later indictment tried before him. See Rose v. United States, 4 Cir., 295 F. 687. Cf. the circumstances in Voltmann v. United Fruit Co., 2 Cir., 147 F.2d 514, 517. In the case last cited it was alleged that the district judge was so connected with a party as to render it improper for him to sit. The Court of Appeals for the Second Circuit held that the judge was entitled to sit or not as he saw fit since his disqualification was not required unless in his own "opinion" his connection with the counsel for one of the parties was such as would warp his judgment. But where, as here, a judge of a district court has been of counsel for a party in the case pending before him, his disqualification is not a matter for the exercise of his own discretion but is unconditional and absolute. R.S. Section 771 leaves no doubt that a district attorney is "of counsel" for the United States in all criminal cases in his district.

We conclude therefore that the District Judge should not have sat in Vasilick's case and disposed of his motion. In reaching this conclusion we desire to make it abundantly clear that we entertain no doubt of the fairness or impartiality of the District Judge, who in fact took no part in Vasilick's trial. He was, however, disqualified by the express language of Section 20 of the Judicial Code.

Upon remand it will not be necessary for the court below to take any further proceedings as suggested by that portion of Section 20 following the first semicolon. There are judges presently available in the Middle District to dispose of Vasilick's motion. Under these circumstances it is unnecessary for the present writer as senior circuit judge to designate a judge from outside the Middle District to sit in the instant case.

The order denying Vasilick's motion will be vacated and the case will be remanded for proceedings not inconsistent with this opinion.