## GANT v. UNITED STATES.

### No. 11858.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1947.

SIBLEY, Circuit Judge, dissenting.

———◆———

Hugh Gant, in pro. per.

George Earl Hoffman, U. S. Atty., of Pensacola, Fla., for appellee.

Before SIBLEY, WALLER and LEE, Circuit Judges.

WALLER, Circuit Judge.

The indictment in the first count alleges that the appellant did feloniously, by force and violence, take certain money from the presence of B. S. Preston, Sr., an officer and cashier of the Dixie County State Bank, the deposits of which bank were then and there insured by the Federal Deposit Insurance Corporation.

The second count is the same except that the taking was by putting in fear the same officer of the bank.

The third count charges that the Appellant "did unlawfully, willfully, knowingly and feloniously assault, strike and wound one B. S. Preston, Sr., * * * Cashier of Dixie County State Bank, * * * they the said Hugh Gant [and other named parties] being then and there engaged in the commission and attempt to commit, the offense of unlawfuly and feloniously taking by force and violence certain moneys * * * from the presence of the said B. S. Preston, Sr. * * *."

The charge in the fourth count was the same as the third except that the assault was made against one W. M. Mullen, a customer of the bank, instead of B. S. Preston, Sr., cashier.

Defendant was convicted by the jury on February 8, 1938, and sentenced as follows: 10 years' imprisonment on the first count; 10 years' imprisonment on the second count, to run concurrently with the sentence imposed on the first count; 15 years' imprisonment on the third count, to begin at the expiration of the sentence imposed on the first count; 15 years' imprisonment on the fourth count, to run concurrently with the sentence imposed on the third count.

On the 1st day of July, 1946, the appellant, who may be sometimes referred to as defendant, filed his motion to vacate the judgment and sentence on Counts 3 and 4 on the grounds: (1) that the offenses alleged in Counts 1, 2, 3, and 4 constituted, for the purpose of punishment, but one offense, and that the punishment rendered against petitioner on Counts 3 and 4 was excessive and beyond the Court's power to impose; (2) that Counts 3 and 4 failed to charge an offense against the laws of the United States, particularly against subsection (b) of Sec. 588b of Title 12 U.S. C.A., under which Counts 3 and 4 were purportedly drawn, in that said counts attempted to charge an aggravation of the offense charged in Counts 1 and 2 but failed to allege in either Count 3 or 4 that the assault was with a dangerous weapon or device, without which, it was

asserted, no aggravation of the offense as alleged in Counts 1 and 2 is charged.

The United States admits that a count drawn under subsection (a) and a count drawn under subsection (b), covering the same robbery, can constitute but one offense, and that in this case Counts 3 and 4 merely charged the commission, in aggravated form, of the same offense laid in Counts 1 and 2.

Counts 1 and 2 were drawn under subsection (a) of Sec. 588b, Title 12 U.S.C. A., and Counts 3 and 4 were purportedly drawn under subsection (b) of Sec. 588b, Title 12 U.S.C.A. The subsections will be hereafter referred to as "subsection (a)" and "subsection (b)" respectively.[1]

The lower Court found that Counts 1, 2, 3, and 4 of the indictment, for the purpose of punishment, constituted but one offense; that the maximum term of imprisonment imposed on any of the counts by the original sentence was 15 years, which was within the maximum term for the offense provided by subsection (a) of 20 years or by subsection (b) of 25 years, and that it was not material as to the sentence of 15 years whether the aggravated offense was fully charged or not since it could lawfully have been imposed under the first and second counts.

Without disturbing the adjudication of guilt, the Court then undertook to correct the former sentence nunc pro tunc by entering a sentence of 15 years' imprisonment embracing all four of the counts.

The appellant sets up three grounds in support of his appeal here: (1) that the Court erred in denying appellant's motion to vacate the sentences on Counts 3 and 4; (2) that the Court erred in ordering a general sentence of 15 years, after appel-lant had fully served the 10 year sentence imposed on Counts 1 and 2, thereby placing defendant in double jeopardy in violation of the Fifth Amendment; (3) that the Court erred in imposing a general or gross sentence.

█ Decisions rendered since the imposition of the original sentence[2] make it clear, and, in fact, it is conceded, that only one offense was chargeable under the two subsections (a) and (b). The defendant, however, contends that the allegations of the third and fourth counts were insufficient to show that the robbery was committed in such an aggravated manner as would bring those counts within the provisions of subsection (b) and authorize, or justify, heavier punishment than that imposed under subsection (a).

█ Although appellant did not allege in his petition, nor otherwise raise the contention before the lower Court, that he had completed the serving of the sentence under Counts 1 and 2, he now attempts to raise and argue it before us. Ten years from the date of his commitment will elapse on February 9, 1948, but appellant asserts in his brief that, with proper deductions for good time, he would have completed the sentence of ten years on the first two counts before the Court below undertook to correct the sentence on November 15, 1946. This Court will not take judicial knowledge of the fact, if it be a fact, that the appellant was entitled to the deduction for good behavior, etc., which he asserts. This question, therefore, is not properly before us.

Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, became effective March 21, 1946, and provides: "The court may correct an illegal

---

[1] Subsections (a) and (b) of § 588b, Title 12 U.S.C.A., provide:

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, * * * shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; * * *.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both."

[2] Holiday v. Johnston, 313 U.S. 342, 550. 61 S.Ct. 1015, 85 L.Ed. 1392; Wells v. United States, 5 Cir., 124 F.2d 334.

sentence at any time." This statement in the rule is but a restatement of the law as it existed theretofore. Since only one offense was involved, only one sentence was legal. This illegality was correctible, and the question here is, who has the power to decide which of the two sentences should be considered as the legal one—the Defendant or the District Judge?

In Wells v. United States, 5 Cir., 124 F.2d 334, we upheld the larger sentence imposed under Counts 3 and 4 and remanded the cause to the lower Court to make a correction by vacating the sentence under Counts 1 and 2.

In Durrett v. United States, 5 Cir., 107 F.2d 438, we held that whether we should say that there was a merger of the offenses covered in counts under subsection (a) with the offenses under subsection (b), or whether we should say that offenses committed under subsection (b) provide for a heavier sentence than those under subsection (a), it was the intent of Congress to punish only for the greater offense, and the case was remanded to the lower Court for correction of the mittimus accordingly.

In Holiday v. United States, 8 Cir., 130 F.2d 988, a case very similar to the instant one, the Eighth Circuit held that only one offense was chargeable under the two subsections of the Act, and a sentence of 15 years' imprisonment imposed under subsection (b) was valid, and the lower Court had not committed error in sustaining that sentence and vacating a sentence of 10 years' imprisonment imposed under the first count. In that case Holiday pleaded guilty on October 13, 1936. He did not file a motion to correct the record until March 18, 1942. Presumably he had been serving his sentence under the first count in the meantime. Certiorari was denied in this case, 317 U.S. 691, 63 S.Ct. 265, 87 L.Ed. 553.

■ The greater includes the lesser.[3] A defendant charged with murder may be convicted of manslaughter,[4] and in like manner a defendant charged with bank rob-

bery under 588b (b) may under the same indictment be convicted of a charge of bank robbery under 588b (a).

The indictment in the third and fourth counts charges the defendant with feloniously assaulting, striking, and wounding the cashier and a customer, respectively, of the bank in the commission of the offense of taking monies by force and violence. It is contended that the allegation that the defendant feloniously assaulted the cashier, but without alleging that he thereby put in jeopardy the life of the cashier or the customer, Mullen, by the use of a dangerous weapon or device, was insufficient to charge an aggravation, under subsection (b), of the offense defined in subsection (a).

The contention overlooks the fact that the language of the statute is: "Whoever, * * * assaults any person, *or* puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined * * *." [Italics supplied.]

■ We think that the word "or" in 588b (b) is used disjunctively, and that the subsection of the statute is complied with if the indictment alleges an assault, and that it is not necessary to allege an assault and also the placing in jeopardy of the life of the person assaulted by use of the dangerous weapon or device. A case dealing with the same statute, and directly in support of this view, is United States v. Murray, 149 F.2d 932, 933, wherein the Third Circuit said: "* * * In short, the appellant contends that the disjunctive 'or' employed in subparagraph (b) of Section 588b occurring between the phrases 'assaults any person' and 'puts in jeopardy the life of any person by the use of a dangerous weapon' must be read as if it were the word 'and', a conjunctive as distinguished from a disjunctive. The intent of Congress is to be gathered from a reading of the statute. Had Congress intended the meaning on which the appellant insists it would have used the word 'and' instead of the word 'or'."

---

[3] § 565, Title 18 U.S.C.A., provides: "In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment, * * *". 27 Amer.Jur. 738, paragraph 194.

[4] Wallace v. United States, 162 U.S. 466, text 476, 16 S.Ct. 859, 40 L.Ed. 1039.

Appellant does not deny his guilt. Beyond doubt it was the duty of the Court to pronounce such a sentence as the gravity of the offense demanded. That function belonged to the Judge at the time of its pronouncement and the right to pronounce it still belonged to the Judge when he was later called upon by defendant to pass upon the legality of the sentence or to determine which of the two was legal.

The sentencing of the defendant is designed to put into effect the verdict of the jury and to deal justly with society and the defendant. Prescribing punishment under Counts 1 and 2 of an indictment is but a part of a two-phased act of sentencing whereby both become a part of one judgment. The Court had the lawful right, and presumptively the duty, in the exercise of its discretion, to have imposed, and did impose, on him in the beginning a sentence of 15 years, and there is no reason to conclude that it lost the right to exercise discretion in making a correction of the judgment and sentence wherein defendant's punishment is not increased. "Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner." King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296.

In the correction of the illegal sentence it was the Judge's right, and mayhap his duty, to carry out the policy of the statute by retaining the heavier sentence[5] in this case where the jury had found aggravation in the manner of the commission of the robbery. It was also within his discretion to provide that the corrected sentence should cover the entire punishment under each of the counts.

The matter of the correction of the sentence in this case is not a matter of Tweedledum and Tweedledee. The 15-year sentence originally imposed was not void but only voidable at the lower Court's discretion, and so long as the time heretofore served by the defendant will be credited on the 15-year sentence, as corrected, the defendant has in actuality suffered no detriment and been deprived of no constitutional right.

The judgment of the Court below is affirmed.

SIBLEY, Circuit Judge (dissenting).

In 1938 it was generally supposed that 12 U.S.C.A. § 588b(a) and (b) defined separate and distinct offenses, and the district judge in this case treated counts 1 and 2 as charging an offense under § 588b(a), committed in two ways, and imposed a sentence of 10 years for it. Likewise he treated counts 3 and 4 as charging an offense under § 588b(b), committed in two ways, and imposed a sentence of 15 years for it. He decreed expressly that the ten-year sentence should first be served and then the 15-year sentence. The record shows that commitment issued at once and the marshal's return shows that Gant was the next day, Feb. 9, 1938, delivered under it to the United States Penitentiary in Atlanta. His present motion is signed by him and gives his address, with his prison number, as Alcatraz, California. His affidavit dated Feb. 28, 1947, is attested by E. J. Miller, Associate Warden United States Penitentiary, Alcatraz, California. It is fairly inferable that Gant has been in the penitentiary under this conviction for nine years.

It is now settled that § 588b(a) and (b) define only one offense, committed in two ways; so the indictment here, and the verdict of guilt on all counts, mean only that Gant is guilty of one offense of bank robbery, described in four ways. He could be condemned under the Constitution and Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872, to only one punishment for it, though both were attempted to be imposed by the same judicial act. The first term of imprisonment for 10 years was entirely legal and valid and has nearly been served. The second term, expressly made to take effect after the first, is illegal and void. The motion here is not to set aside the sentence as

---

5 In United States v. Vasilick, D.C., 68 F.Supp. 725, the Court said: "In imposing sentence upon such an indictment, containing the two counts, the Courts, since the decision in the Holiday case, supra, have uniformly held that a defendant should be sentenced upon that count of the indictment charging the aggravating circumstances and should not be sentenced on the count charging the lesser offense. [Citing cases.]"

a whole, but to expunge the latter term of imprisonment because illegal. The motion ought to have been granted.

The judge has no power, the defendant not having so moved, after service of the 10-year term validly imposed has been entered on, to set it aside, and raise it to 15 years, even if done during the term of court at which it was imposed. 15 Am.Jur., Criminal Law, § 473, 474; 24 C.J.S., Criminal Law, § 1589. This fundamental principle is fully recognized in Ex parte Lange, supra; United States v. Benz, 282 U.S. 304, 307, 51 S.Ct. 113, 75 L.Ed. 354; Roberts v. United States, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41; and was applied by this court in Blackman v. United States, 5 Cir., 250 F. 449; Simmons v. United States, 5 Cir., 89 F.2d 591; and Rutledge v. United States, 5 Cir., 146 F.2d 199. See also King v. United States, 69 App.D.C. 10, 98 F.2d 291. An extreme application was made in Hickman v. Fenton, 120 Neb. 66, 231 N.W. 510, 70 A.L.R. 819, where the sentence was for less than the minimum fixed by law and in that sense illegal; but the court held it was erroneous only and not void, and could not be raised after service of it had begun.

Rule of Criminal Procedure 35, "The court may correct an illegal sentence at any time", as the notes of the Committee proposing it set forth, states the existing law. By the existing law the sentence, if to be increased, must be void. 15 Am.Jur., Criminal Law, § 477, 24 C.J.S., Criminal Law, § 1589 (b). The Rule further provides for the reduction of a sentence which is not void, but significantly makes no provision for increasing it. The question here, however, is rooted in a Constitutional right, which the Rule could not abridge if it was intended to do so.

The present question was not considered in Durrett v. United States, 5 Cir., 107 F. 2d 438. That was an ordinary appeal in which the whole matter of the sentence appealed from was still fluid. Nor in Wells v. United States, 5 Cir., 124 F.2d 334. Wells moved to vacate all the sentences imposed on him and that he be resentenced. It was not urged that he had served any imprisonment. In Holiday v. United States, 8 Cir., 130 F.2d 988, there may have been imprisonment, but the court did not notice it. The decision concludes: "It is not conceivable to us that Holiday can avoid the judgment imposed under the second count merely because the court imposed consecutive rather than concurrent sentences." The court would hardly have spoken thus had it been facing this question after service of the first sentence.