## UNITED STATES v. VASILICK.
### No. 10515, Criminal.

District Court, M. D. Pennsylvania.
Nov. 28, 1947.

Arthur A. Maguire, U.S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U.S. Atty., of Lewisburg, Pa., for plaintiff.

Defendant, pro se.

WATSON, District Judge.

The petitioner, Vasilick, was convicted on two counts of an indictment charging violations of the Bank Robbery Act, 12 U.S.C.A. §§ 588a, and 588b. He was sentenced to a term of imprisonment and to pay a fine on the second count while sentence was "suspended" on the first. This occurred on November 12, 1942. Approximately four years later Vasilick filed a motion to vacate the judgment of sentence on count 2, alleging that the Court "in entering judgment and disposing of count 1 * * * had exhausted its power to sentence and therefore was without jurisdiction to dispose of and impose sentence * * * on count 2 * * *." The Court denied the motion, D. C., 68 F.Supp. 725, basing its decision on Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392, and United States v. Murray, D.C., 57 F.Supp. 590, affirmed 3 Cir., 149 F.2d 932.

The defendant then appealed asserting (1) that the Court erred in denying his motion, misapplying the law thereto; and (2) that the District Judge, who denied it, was disqualified by reason of Section 20 of the Judicial Code, 28 U.S.C.A. § 24. The Circuit Court of Appeals, 3 Cir., 160 F.2d 631, upheld the petitioner's second contention and remanded the case for further proceedings before another Judge; whereupon this Court advised the petitioner by order to file any brief he considered necessary within a specified time.

The sentence imposed in this case reads as follows:

"Twenty-five (25) Years on Count Two of the Indictment, and pay a fine of Ten Thousand ($10,000.00) Dollars on Count Two of the Indictment: * * *."

"It is Further Ordered that sentence is suspended on Count One of the Indictment, for the reason that the offense therein charged is considered as having been merged in the second count of the indictment."

The judgment so imposed was not erroneous and does not require correction.

It is true that the offense charged in the first count of the indictment in the instant case was merged with that charged in the second count of the indictment, the aggravated version of the crime, and constitutes but one offense. Holiday v. Johnston, supra.

In imposing sentence upon such an indictment, containing the two counts, the Courts have uniformly held that a defendant should be sentenced upon that count of the indictment charging the aggravating

circumstances and should not be sentenced on that count charging the lesser offense. United States v. Murray, supra; Hewitt v. United Stats, 8 Cir., 110 F.2d 1, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409. That is precisely the procedure followed by the sentencing Judge in the instant case.

It is ordered that the prayer of the petition of William Vasilick to vacate the sentence imposed on Count 2 of the indictment aforesaid, be, and it hereby is, denied, and the motion is dismissed.