## UNITED STATES v. BROWN.
### No. 1933.

District Court, W. D. Missouri, S. D.
Aug. 22, 1946.

Sam M. Wear, U. S. Atty., of Kansas City, Mo., for the United States.

RIDGE, District Judge.

The Federal Escape Act, 18 U.S.C.A. § 753h, provides that any person committed to the custody of the Attorney General, or his authorized representative who, after "conviction of any offense whatsoever" escapes, or attempts to escape, from such custody shall be guilty of an offense, and that "if such person be under sentence at the time of such offense, the sentence imposed" for the escape "shall begin upon the expiration of, or upon legal release from, *any* sentence under which such person is held at the time of such escape or attempt to escape." (Italics supplied.)

On October 26, 1945, defendant Jimmie Ira Brown, on his plea of guilty to three separate charges, contained in two indictments, was sentenced by the United States District Court, Western District of Arkansas, El Dorado Division, for a total of five years' imprisonment. The sentences imposed under the indictment containing two such charges, reads as follows: "One

year from this date on the Second Count and for a period of two years on the First Count to begin at the expiration of the sentence pronounced on the Second Count, making a total of three years' imprisonment in this case."

For the offense charged in the second indictment, the sentence pronounced by the Court was as follows: " * * * two years to begin at the expiration of the sentence adjudged on this day by the Court against said defendant on the First Count of Criminal Case No. 840."

On November 2, 1945, while defendant was in the custody of two United States Marshals, being conducted through the State of Missouri to Leavenworth Penitentiary and while within the jurisdiction of this Court, the defendant and another prisoner attempted to escape from such custody, by force and putting the lives of said Marshals in imminent peril. On his plea of guilty to an indictment returned against defendant charging a violation of Sec. 753h, he was sentenced to five years in the custody of the Attorney General of the United States. The judgment, imposing said sentence, reads in part as follows: "Five years to begin at the expiration of any sentence he is now serving, or to be served which was imposed prior to this date, without costs."

Defendant has filed motion to correct the last-referred-to sentence, contending the same to be erroneous, incorrect and illegal. As grounds for said motion defendant alleges that the five-year sentence imposed upon him, for violating the Federal Escape Act, does not comply with the statutory requirements of said Act in that said sentence should have been made to commence at the termination of the one-year sentence first imposed upon defendant by the United States District Court in Arkansas, and not at the termination of the accumulative sentences imposed upon him by said Court prior to his attempted escape. In support of such contention defendant submits the following argument: The first sentence imposed upon him was a one-year sentence and at the time he attempted to escape he was in the custody of the officers transporting him to Leavenworth Penitentiary under said sentence; that said sentence had begun to run (under 18 U.S.C.A. § 709a) while he was in jail awaiting transportation to the Penitentiary. Under such circumstance defendant asserts "it would have been impossible for defendant to have been" in custody "under the authority of any sentence except the one year sentence he was serving when he attempted to escape." So reasoning, defendant says that the five-year sentence, imposed upon him by this Court for violation of the Federal Escape Act, "should begin to run at the expiration of, or legal release from, the one year sentence which defendant was serving when he attempted to escape and not at the expiration of all three sentences imposed in Arkansas."

In support of such contention defendant relies upon the cases of Rutledge v. United States, 5 Cir., 146 F.2d 199; Thomas v. Hunter, 10 Cir., 153 F.2d 834; McMahan v. Hunter, 10 Cir., 150 F.2d 498 and Gilmore v. United States, 10 Cir., 124 F.2d 537. The authorities so cited by defendant do not substantiate the contention here made. In the Rutledge case, supra, defendant was convicted of an attempted escape from official custody before imposition of any sentence against him. The ruling of the Rutledge case is that, under such circumstances the Court may assess a sentence under Sec. 753h, supra, and order it to run concurrently with another sentence. In Thomas v. Hunter, supra, while petitioner was on parole from a previous conviction he was arrested and charged, in an indictment, with violation of the Dyer Act, 18 U.S.C.A. § 408. While in the custody of the Marshal he attempted, on two occasions, to escape. He was indicted in separate indictments for each of these attempted escapes. He pleaded guilty to the charge under the Dyer Act and was tried and found guilty by a jury in each of the attempted escape cases. He was sentenced to serve a term of four years on the Dyer Act violation and to an additional sentence of five years each on the two escape charges. The sentences were made to run consecutively, for a total term of fourteen years. Petitioner, in Thomas v. Hunter, supra, contended that the sentences imposed upon him for the two attempted escapes should have been made to commence to run

at the termination of the sentence for the offense which he had committed prior to the commission of the Dyer Act offense, and for which, at the time of his arrest, he was out on parole. The Court there held that the sentences imposed on petitioner for the attempted escapes could be made to begin to run from the completion of the sentence for the crime committed by petitioner while on parole. The Court there said [153 F.2d 837]: "Where one is confined and actually serving a prior sentence when he escapes from custody, then the sentence for such escape must be fixed with relation to the expiration date of the prior sentence or with reference to the date on which one is thereafter legally released from confinement thereunder."

The effect of the holding in the Thomas case, supra, is contrary to the contention here made by the defendant. In McMahan v. Hunter, supra, defendant was held under a three-year sentence imposed for violation of the Dyer Act and brought habeas corpus proceedings, attacking two separate sentences of two years each, imposed for violations under the Federal Escape Act. The sentences imposed for violation of the Federal Escape Act were, by their express terms, made to run consecutively after the sentence imposed for violation of the Dyer Act. The total term of such sentences was seven years' imprisonment. The Court, in the McMahan case, did not pass upon the legality of the sentences imposed under the Federal Escape Act but denied the writ there sought because petitioner established, by his petition, that he was legally confined under the three-year sentence imposed for violation of the Dyer Act, the Court holding that under such circumstances petitioner could not, in that action, contest the validity of the sentences imposed under the Federal Escape Act. In Eyler v. Aderhold, 5 Cir., 73 F.2d 372, petitioner, while under a sentence of two years and six months, escaped from the Federal Prison Farm at Camp Lee, Virginia. For such escape he was sentenced to one year and one day under the Federal Escape Act. The judgment recited that the sentence imposed be in addition to any sentence then being served and imposed against the petitioner therein in another jurisdiction. After serving his two-year and six-month sentence he sought release, by habeas corpus, claiming that the sentence under the Federal Escape Act should have been made to run concurrently with the sentence previously imposed upon him, the defendant basing such contention on Sec. 709a, 18 U.S.C.A. The Court denied the contention there made by petitioner and held that to give effect to petitioner's contention would be to hold that Congress had repealed Sec. 753h, 18 U.S.C.A., insofar as said last-named section provides that a sentence thereunder shall begin to run after the expiration of the sentence being served when the escape occurred.

Research has failed to disclose a case in which the identical question here presented has been decided. However, in Thomas v. Hunter, supra, the Court, considering the last sentence of Sec. 753h, supra, in connection with Sec. 709a of 18 U.S.C.A., and in the light of the contention made by petitioner in that case, said: "The words of the statute are: " 'The sentence imposed hereunder shall begin on expiration of, *or upon legal release* from, any sentence *under which such person is held at the time of such escape* * * *.' If petitioner's construction of the statutory proviso were correct, then the phrases 'or upon legal release' and 'under which such person is held at the time of such escape' would be meaningless and would be mere surplusage."

In the case at Bar defendant was in the custody of the United States Marshals from whom he attempted to escape while said Marshals were in possession of process (three judgments and commitments) calling for defendant's confinement in the custody of the Attorney General of the United States for a total of five years. Defendant had begun service of said sentences while in jail at El Dorado, Arkansas, awaiting transportation to the place at which his sentence was to be served. Under the sentences then imposed against defendant he could not have been legally released from such confinement until October 25, 1950, unless his sentence was reduced in accordance with the provisions of 18 U.S.C.A. § 710. The last-referred-to section allows deductions for good conduct from sentences of persons convicted of offenses.

against the laws of the United States, and sets forth the manner in which such good conduct deductions should be computed. The last sentence of said Sec. 710, supra, provides: "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated."

Although each sentence imposed on the defendant by the United states District Court for Arkansas was a separate and distinct entity, yet, with the good time allowance granted to defendant, as a matter of grace by Sec. 710, supra, he could not have been "legally released" from the aggregate amount of such sentences until he had "served such number of days, with good behavior, as, when added to the deductions allowed at the rate of [eight] days for each month, shall equal the total of the combined sentences assessed against him." Ebeling v. Biddle, 10 Cir., 291 F. 567, 568. The mandate of Sec. 753h, supra, is that the sentence to be imposed upon an escapee, or one who attempts to escape, who is under sentence at the time of escape, or attempted escape, shall not begin to run until the expiration of any previous sentence "or upon legal release from, *any* sentence under which such person is held." (Italics supplied.) The word "any" according to Webster's New International Dictionary means: "One indifferently out of a number; one, no matter what one." Defendant being held under three separate sentences at the time of his attempted escape and not entitled to his legal release therefrom until he had served the term of such sentences according to law, the Court could, under the Federal Escape Act, provide that the sentence imposed thereunder legally begin to run after the service of *any* one of such sentences, or the combined term of all such sentences. To hold otherwise would be to make meaningless the phrase "or upon legal release from, any sentence under which such person is held." To sustain the contention here made by defendant would produce the absurd result of permitting a person, having accumulative sentences, to avoid the penalty provided for a violation of the Federal Escape Act, if such person escaped during the term of the first or an intermediate sentence. Congress did not intend, by the enactment of the Federal Escape Act, to produce any such result. Defendant's motion, to correct the sentence and judgment heretofore entered herein on the 17th day of January, 1946, is, by the Court, overruled.