**BROWN v. UNITED STATES.**

No. 13445.

Circuit Court of Appeals, Eighth Circuit.
April 4, 1947.

Rehearing Denied April 25, 1947.

Elmo B. Hunter, of Kansas City, Mo., for appellant.

Sam M. Wear, U. S. Atty. and Earl A. Grimes, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER, THOMAS and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to vacate or correct a sentence entered against him on his plea of guilty to a charge of violating the Federal Escape Act, 18 U.S.C.A. § 753h.

At the time of the entry of the challenged sentence three sentences had already been imposed against appellant by the United States District Court for the Western District of Arkansas. These sentences were all entered on October 26, 1945, the first being for a term of one year, the second for a term of two years and the third for a term of two years, the sentences to run consecutively. Following the imposition of these sentences appellant was confined to the Federal prison at Leavenworth, Kansas.

On November 8, 1945, while appellant was being transported to the Federal prison at Leavenworth, Kansas, for confinement, he attempted to escape from the custody of the United States Marshal and his deputy. This attempt to escape was committed in the State of Missouri and an indictment was duly returned against him charging a violation of Title 18 U.S.C.A. § 753h. On a plea of guilty to the charge he was sentenced to the custody of the Attorney General of the United States for confinement for a period of five years, the term of the sentence "to begin at the expiration of any sentence he is now serving or to be served which was imposed prior to this date * * *."

On his motion to vacate or amend this sentence appellant contended and renews the contention here that the sentence imposed on him by the United States District Court for the Western District of Missouri should have been made to commence at the termination of the one year sentence, that being the first in order of time of the three consecutive sentences imposed upon him by the United States District Court for the Western District of Arkansas. The first sentence by its terms provided that it should be for a term of "one year *from this date.*" (Italics suplied.) Title 18 U.S.C.A. § 709a, provides, among other things, that, "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term."

As has been noted, appellant was, immediately following the imposition of his sentence, committed to the jail at El Dorado, Arkansas, to await transportation to the Federal prison at Leavenworth, Kansas, so that it conclusively appears that from the date of the imposition of the first sentence he was serving that sentence, and hence, he was serving that sentence at the time he attempted to escape on November 8, 1945. Galatas v. United States, 8 Cir., 80 F.2d 15. The trial court expressed the view that, "Defendant being held under three separate sentences at the time of his attempted escape and not entitled to his legal release therefrom until he had served the term of such sentences according to law, the Court could, under the Federal Escape Act, provide that the sentence imposed thereunder legally begin to run after the service of any one of such sentences, or the combined term of all such sentences." United States v. Brown, D.C., 67 F.Supp. 116, 119.

The sentence as actually imposed was to begin after the service of the combined term of all three prior sentences. The Federal Escape Act, 18 U.S.C.A. § 753h, provides that the sentence imposed upon one guilty of an offense thereunder "shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape." It further provides that, "If such person be under sentence at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape."

In the final analysis it would seem that the question determinative of the issue involved is whether at the time appellant attempted to escape he was, as the trial court said, "being held under three sentences." Manifestly, if he were so held then the court was warranted in imposing a sentence "to begin at the expiration of any sentence he is now serving *or to be served,* which was imposed prior to this date." (Italics supplied). By the specific mandate of his first sentence it was to begin on the date it was imposed. He was at once committed to a jail to await transportation to the place at which his sentence was to be served so that there can be no doubt that he at once began actually serving the first sentence imposed upon him. He could not have been serving nor was he being held under the other sentences because neither of them

was to begin until a later date and they constituted no warrant for holding appellant. Each sentence was a separate one and they cannot be so commingled as to be converted into one continuous sentence.

The Federal Escape Act provides one rule where a person escapes from legal custody before conviction and another where a person is serving a sentence at the time of attempting to escape. In the former case the sentence may be concurrent with any sentence imposed for any other crime but in the latter case the sentence must be consecutive to the sentence which he is serving and in addition thereto. Rutledge v. United States, 5 Cir., 146 F.2d 199. Under the literal words of the statute the sentence provided as punishment for one who is serving a sentence must begin at the expiration of or release from "any sentence under which such person is held at the time of such escape or attempt to escape." The statute is a penal one and should be strictly construed in favor of the accused. Rutledge v. United States, supra; Viereck v. United States, 318 U.S. 236, 63 S.Ct. 561, 564, 87 L.Ed. 734. In the last cited case Chief Justice Stone, speaking for the Supreme Court, said: "We cannot read that phrase as though it had been written 'while an agent' or 'who is an agent'. The unambiguous words of a statute which imposes criminal penalties are not to be altered by judicial construction so as to punish one not otherwise within its reach, however deserving of punishment his conduct may seem."

· It cannot, we think, be said that appellant was being held upon sentences which by their very terms were not to begin until some time in the future. On the other hand, he was being held under a sentence to expire one year from the date of its entry.

Both parties cite and rely somewhat upon the case of Thomas v. Hunter, 10 Cir., 153 F.2d 834, 837. The facts in that case were that while the accused was out on parole he was indicted and pleaded guilty to a violation of the Dyer Act, 18 U.S.C.A. § 408, and was sentenced to four years imprisonment. Thereafter he attempted to escape and on trial was found guilty on two counts' and was sentenced to five years imprisonment on each of the two charges, the sentences to run consecutively as was also the sentence under the Dyer Act, making a total of 14 years imprisonment. The term of sentence for violation of the Federal Escape Act was to begin at the expiration of the sentence imposed under the Dyer Act. It seems that at the time he violated the Dyer Act he was out on parole from a sentence previously imposed and he contended that the sentences under the Federal Escape Act were void because they were not made to begin at the expiration of the term previously entered and from which he was out on parole. The court held that Thomas was not being held under the sentence from which he was out on parole at the time he violated the Federal Escape Act. It seems clear, however, that if he had been held under a sentence at the time of his attempted escape, under the court's reasoning the sentence should have commenced at the expiration of such prior sentence. In the course of the opinion it is said:

"Petitioner not having been under the original sentence at the time he broke jail, it follows that when the court passed the sentences for the jail break, the provision of the statute which he seeks to invoke did not apply to him.

"Furthermore, we think the proviso upon which petitioner relies means that where one is confined and actually serving a prior sentence when he escapes from custody, then the sentence for such escape must be fixed with relation to the expiration date of the prior sentence or with reference to the date on which one is thereafter legally released from confinement thereunder."

We are of the view that in the instant case appellant was actually serving a prior sentence when he attempted to escape and hence, under the reasoning of the Thomas case, "the sentence for such escape must be fixed with relation to the expiration date of the prior sentence." It is to be observed that in the Thomas case the court held that the provision of the Federal Escape Act here invoked does not apply unless at the time the person at-

tempts to escape he is actually being held in custody under sentence. In the Thomas case the accused was out on parole at the time he attempted to escape and even though the sentence which had been imposed on him had not been completed and his parole might have been revoked so that at some future date he might have to complete serving that sentence, yet the court held that the sentence under the Escape Act was not to be imposed with relation to the prior sentence under which the accused was not in fact being held at the time of his attempted escape. So in the instant case it cannot be said that the appellant was being held on the sentences that had been imposed but which would not become effective until a future date. We can not amend the Federal Escape Act, however desirable that may be, so as to read, "The sentence imposed hereunder shall begin upon the expiration of the aggregate of all sentences previously imposed against defendant." The statute seems to be unambiguous so as to express the intention of Congress, and it is noted that in the Federal statute governing good conduct commutations, Congress used the words "aggregate of his several sentences," and the absence of such words from the Escape Act would seem to be significant. It is argued that the words providing that the sentence imposed for escape "shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape," should be construed to include any and all sentences which have been imposed. Under the authorities it is clear that the mere fact that a sentence has been imposed does not necessarily mean that the person is held under such sentence. It may, as in the instant case, by its terms be postponed to commence at a future date. The words "any sentence," as they appear in this statute, are clearly restricted by the words immediately following: "under which such person is held." It is, of course, entirely possible that one might be held under two sentences at the same time if they are imposed to run concurrently. One of these imposed sentences might be a one year sentence and the other a two year sentence. In such event the

sentence under the Escape Act might be fixed to begin at the expiration of either of these sentences being at the time concurrently served.

Being of the view that appellant at the time of his attempted escape was being held under only one sentence, the sentence to be imposed must begin at the expiration of the sentence so being served. The order appealed from is therefore reversed and the cause remanded to the trial court with directions to correct the sentence imposed for violation of the Federal Escape Act so that it shall begin upon the expiration of or upon legal release from the sentence under which appellant was serving at the time of his attempted escape, to wit; the one year sentence imposed by the United States District Court for the Western District of Arkansas.