## UNITED STATES v. JOHNSON.
### No. 7311.

United States District Court
D. Kansas.

March 14, 1953.

Eugene W. Davis, U. S. Atty., and Charles H. Rooney, Asst. U. S. Atty., Topeka, Kan., for plaintiff.

Frank L. Bates, Kansas City, Kan., for defendant.

MELLOTT, Chief Judge.

The defendant, presently an inmate of the United States Penitentiary at Alcatraz Island, California, in custody under sentence of this court, has filed a motion to vacate, set aside or correct the sentence under Title 28 U.S.C.A. § 2255. There is no factual controversy.[1]

The defendant's motion and the files and records of the instant case disclose that on October 28, 1943 there was filed in this court an indictment charging, in count one thereof, that this defendant (with aliases) and his co-defendants named therein, viz., Warren Joseph Kammer and William Frank Cory, had, on the 18th day of October, 1943, made a felonious assault on certain custodial officers while engaged in the performance of their official duties in the United States Penitentiary at Leavenworth, Kansas.[2] In count two of the indictment, it was charged that this defendant, while confined in the United States Penitentiary at Leavenworth, Kansas following conviction in the United States District Court for the Southern District of California, Central Division, on December 23, 1940, of the offense of robbing a national bank by putting the employees thereof in fear by the use of a dangerous weapon in violation of Title 12 U.S.C.A. § 588b, had unlawfully, willfully,

1. In the brief of the plaintiff it is stated: "(T)here is no dispute as to the facts involved."

2. Title 18 U.S.C.A. § 254, act of May 18, 1934, c. 299, § 2, 48 Stat. 781: "Whoever shall forcibly resist, oppose, impede, intimidate, or interfere with any person designated in section 1 hereof while engaged in the performance of his official duties, or shall assault him on account of the performance of his official duties, shall be fined not more than $5,000, or imprisoned not more than three years, or both; and whoever, in the commission of any of the acts described in this section, shall use a deadly or dangerous weapon shall be fined not more than $10,000, or imprisoned not more than ten years, or both." [See 1948 Revised Criminal Code, 18 U.S.C.A. § 111]

790

knowingly and feloniously attempted to escape from the United States Penitentiary at Leavenworth, Kansas in violation of Title 18 U.S.C.A. § 753h.[3]

Defendant and his co-defendants were duly tried to a jury upon the charges referred to above, the defendant appearing in his own proper person and by his attorney. The jury returned verdicts finding him guilty as charged, and motions for new trial were presented, argued and denied. Defendant was sentenced by a judge of this court (since deceased) as set out in the judgment and commitment, a copy of which is attached to the defendant's motion. The portion pertinent here reads as follows:

" * * *

"Ordered and Adjudged * * * that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of three (3) years on the first count of the indictment to begin at the expiration of the sentence he is now serving in the United States Penitentiary, Leavenworth, Kansas and run consecutively thereto; on the second count of the indictment is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of one (1) year, to begin at the expiration of the sentence on the first

count of the indictment herein, and run consecutively thereto, * * *."

In paragraphs 7 through 11 of defendant's motion, it is alleged:

"7—That petitioner, in compliance with applicable laws, completed service of his 15 year sentence on the 5th day of January 1951.

"8—That petitioner began service of the 3 year sentence imposed on count one of Action No. 7311, 18 U.S.C.A. § 254, on the 5th day of January 1951 and that he, in compliance with applicable laws, was eligible for release on this sentence on the 20th day of December 1952.

"9—That Judge Helvering imposed sentence of 1 year on count two of Action No. 7311, 18 U.S.C.A. § 753h, contrary to and in direct violation of the law provided in that he did not specify said sentence to begin at the expiration, or legal release from, the 15 year sentence your petitioner was serving at the time of the alleged attempt to escape.

"10—That petitioner has been entitled to release since the 20th day of December, 1952 as having served the legally imposed sentence of Action No. 7311; and that the sentence imposed on count two, 18 U.S.C.A. § 753h, is null and void and should be set aside and your petitioner released from further unlawful custody.

3. Act of May 14, 1930, c. 274, § 9, 46 Stat. 327, as amended by act of August 3, 1935, c. 432, § 9, 49 Stat. 513: "Any person committed to the custody of the Attorney General or his authorized representative, or who is confined in any penal or correctional institution pursuant to the direction of the Attorney General, or who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody or institution, shall be guilty of an offense. If the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense whatsoever, the offense of escaping or attempting to escape therefrom shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than five years or by a fine of not more than $5,000, or both; and if the custody or confinement is by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, the offense of escaping or attempting to escape therefrom shall constitute a misdemeanor and any person convicted thereof shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or both. The sentence imposed hereunder shall be in addition to and independent of any sentence imposed in the case in connection with which such person is held in custody at the time of such escape or attempt to escape. If such person be under sentence, at the time of such offense, the sentence imposed hereunder shall begin upon the expiration of, or upon legal release from, any sentence under which such person is held at the time of such escape or attempt to escape."

"11—That no other Judgments, Commitments, or sentences have been imposed upon your petitioner."

The prayer of the motion is:

" * * * (T)hat this Honorable Court will declare the one year sentence imposed upon Count two, 18 U.S.C.A. § 753h, * * * null and void as being imposed contrary to the law provided and incapable of service or correction as of this date since petitioner has already served the sentences imposed on count one * * * (T)hat this Court enter an order vacating said sentence, discharging * * * [him] from further unlawful custody, and cause a copy of such order to be delivered to Edwin B. Swope, Warden * * *."

This court has jurisdiction to determine the issue raised.[4] While a somewhat similar question has lurked in a number of cases, see discussion in United States v. Brown, D.C., 67 F.Supp. 116, the precise one now before the court appears not to have been decided by a Court of Appeals or by the Supreme Court. The decision in the Brown case supra was reversed by the Court of Appeals for the Eighth Circuit;[5] but the Supreme Court took essentially the same view as the District Judge and reversed.[6] The briefs in this case are devoted largely to a discussion of the Brown case.

The legislative history of the act under which defendant was sentenced is set out in the opinion of the Supreme Court in the Brown case. Shortly after the entry of decision in that case, the act was amended, the substance of the old act being carried forward into the new; but the portions discussed in the cited case, including those presently plaguing this court, were eliminated.[7] Thus the question before this court, while important to the parties, is now largely academic.

Counsel for the parties recognize that the courts had an entirely different question before them in the Brown case than the one now before this court; so little there said is apposite. The ambiguity there dealt with arose under the portion of the amending clause characterized by the Supreme Court as the "before" conviction situation. It was pointed out that a literal construction of that language "would lead to bizarre results [and] (t)he congressional purpose would be frustrated, in part at least * * *." But a literal construction of the language relied upon by the defendant in this case would have no such effect. It required the learned Judge of this Court, who has now gone to his reward, to make the sentence imposed upon the defendant for the escape "begin upon the expiration of, or upon legal release from [the] sentence under which [he was] held at the time of such escape or attempt to escape." This could have been done, as was done in the Brown case, by sentencing him first under the second count of the indictment. The judge's failure to do so is understandable; for the more serious of the two charges before him was the one set out in count one under which a sentence of three years was imposed. But the fact remains that the mandate of the statute was not complied with and this court is now impotent to modify the sentence in a fashion which will make it conform to the statute.

For the reasons briefly alluded to, the court is of the opinion, and now holds, that it was without jurisdiction to impose the sentence which was imposed under count two of the indictment and that the defendant should now be released from custody. Order so providing is this date being entered.

---

4. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965; Barnes v. Hunter, 10 Cir., 188 F.2d 86; Clough v. Hunter, 10 Cir., 191 F.2d 516; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L. Ed. 232.

5. Brown v. United States, 160 F.2d 310.

6. United States v. Brown, 333 U.S. 18, 68 S.Ct. 376, 378, 92 L.Ed. 442.

7. Act of June 25, 1948, c. 645, 62 Stat. 734, Title 18 U.S.C.A. § 751.