## FLEMISTER *v.* UNITED STATES.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 70.  Submitted December 5, 1907.—Decided December 16, 1907.

*Trono* v. *United States*, 199 U. S. 521, followed as to the power of the Supreme Court of the Philippine Islands to increase the sentence of one convicted in the court of first instance and appealing to the Supreme Court.

One is not placed in second jeopardy within the meaning of the Philippine bill of rights by being tried for an assault on an officer because he has already been convicted for a breach of the peace and assault upon another

---

person at the same time and place, and where it appears that the assault on the officer was not relied on or proved as part of the offence for which he was first convicted.

5 Philippine, 650, affirmed.

THE facts are stated in the opinion.

*Mr. E. J. Bowers,* for plaintiff in error:

By appeal from the judgment of the court of first instance of the city of Manila the accused did not waive his immunity from second jeopardy on the charge of the commission of the offense embraced in Art. 249 of the Penal Code. *Hopt* v. *Utah,* 110 U. S. 574; *Thompson* v. *Utah,* 170 U. S. 343; *People* v. *Dowling,* 84 N. Y. 478; *Guenther* v. *People,* 24 N. Y. 100; *People* v. *Cignarable,* 110 N. Y. 23, 30; *Stuart* v. *Commonwealth,* 28 Gratt. 950; *State* v. *Martin,* 30 Wisconsin, 216; *State* v. *Hills,* 30 Wisconsin, 416; *State* v. *Belden,* 33 Wisconsin, 120; *Stanghler* v. *State,* 6 Humph. 410; *Brennan* v. *People,* 15 Illinois, 511; *Bamett* v. *People,* 54 Illinois, 325; *Sipple* v. *People,* 10 Bradwell, 144; *Morris* v. *State,* 8 S. & M. (Miss.) 762; *Johnson* v. *State,* 29 Arkansas, 31; *State* v. *Tweidy,* 11 Iowa, 350; *State* v. *Ross,* 29 Missouri, 32; *State* v. *Kotteeman,* 35 Missouri, 105; *Johnson* v. *State,* 27 Florida, 245; *Golding* v. *State,* 31 Florida, 262; *Dennison* v. *State,* 31 La. Ann. 847; *State* v. *Murphy,* 13 Washington, 229; *Bell* v. *State,* 48 Alabama, 684; *Berry* v. *State,* 65 Alabama, 163; *Brown* v. *United States,* 52 S. W. Rep. 56; *Jones* v. *State,* 13 Texas, 168; *State* v. *Stevens,* 29 Oregon, 85; *People* v. *Knapp,* 26 Michigan, 112, 113; *People* v. *Comstock,* 55 Michigan, 405, 407; *State* v. *Ketter,* 2 Tyler (Utah), 472.

*The Solicitor General* and *Mr. Assistant Attorney General Russell,* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error was convicted of a criminal attempt against an agent of the authorities by striking one Feliciano

Celimin, a policeman, who was trying to arrest him, and by using vile, abusive and threatening language to the same officer, contrary to Article 249, clause 2, of the Penal Code of the Philippines. He was sentenced under Article 250, which provides the punishment for such attempts. He was convicted in the court of first instance of the same facts, but was sentenced under Article 252, which punishes those, who, without being included in Article 249, should resist the authorities or their agents. He then appealed, whereupon the Supreme Court decided that the offense fell within Article 249, and increased the sentence. The errors assigned are that the Supreme Court had no jurisdiction to increase the sentence, this being stated in various forms, and that "The decision of the court places the accused in jeopardy for the same offense according to the corresponding provisions of Section 5 of the Act of Congress of July 1, 1902." There is also the usual averment that the decision deprives the accused of his liberty without due process of law, but that may be passed over, as there is nothing in the record to justify it. It is not necessary to consider what would amount to denial of due process of law. The plaintiff in error was convicted after a full trial, with all the usual forms, upon a specific and definite complaint and evidence warranting the result.

The objection to the power of the Supreme Court to increase the sentence is disposed of by the recent decision in *Trono* v. *United States*, 199 U. S. 521. The only assignment of error that needs a word is that which was intended to rely upon a previous conviction that was pleaded and put in evidence. This was a conviction by a municipal court of a violation of ordinances of the city of Manila by disorderly conduct, a breach of the peace, and the assault upon one Domingo Salvador at the same time and place as the assault alleged in the complaint before us. Perhaps it should be added that a second complaint under the ordinances for slanderous, threatening and abusive language to Captain José Crame of the Manila Police Department was dismissed by the municipal judge on the

ground that the offense could not be split up. None of the acts alleged in these complaints was the assault upon Celimin, relied upon in the present case, and it does not appear that the assault upon Celimin was relied on or proved as part of the disorderly conduct for which the plaintiff in error was punished in the municipal court. It is unnecessary to consider whether the same conduct could be punished at the same time on the same grounds by both a superior and subordinate authority in the same jurisdiction. There is nothing in the Philippine bill of rights that forbids assaults on two individuals being treated as two offenses, even if they occur very near each other in one continuing attempt to defy the law. We cannot revise the finding of the courts below that the two offenses were distinct.

*Judgment affirmed.*

. MR. JUSTICE HARLAN dissents.