[Crim. No. 606.   Fourth Dist.—April 11, 1941.]

THE PEOPLE, Respondent, v. ROBERT COWAN et al., Defendants, GEORGE GARTLER et al., Appellants.

156

Morris Lavine for Appellants.

Earl Warren, Attorney-General, R. S. McLaughlin, Deputy Attorney-General, John F. Dockweiler, District Attorney, and Thomas F. O'Brien, Deputy District Attorney, for Respondent.

BARNARD, P. J.—Five defendants were convicted of murder in the first degree, the jury recommending life imprisonment. Upon appeal, the judgments entered were modified and the cause was remanded to the trial court with directions to pronounce judgment against each of these defendants as for murder in the second degree. (*People* v. *Cowan*, 38 Cal. App. (2d) 231 [101 Pac. (2d) 125].) This was done and three of these defendants again appealed from the judgments thus entered. Upon his own motion the appeal taken by defendant Gartler has been dismissed and we will refer to the defendants Fisher and Freedman as the appellants.

On the former appeal these appellants contended that the *corpus delicti* had not been proved; that the evidence was not sufficient to sustain the verdict, mainly in that the testimony of accomplices was not sufficiently corroborated; that the court erred in the admission and exclusion of certain evidence; that the court erred in giving and refusing certain

instructions; and that the district attorney was guilty of prejudicial misconduct. In their petition for a hearing in the Supreme Court, after decision in this court, the appellants urged the same grounds and also that the due process clause of the Constitution of the United States had been violated, and that the opinion of this court had failed to consider all of the questions raised. With respect to the latter contention it may be here observed that while the reporter's transcript therein had contained about 2,100 pages the opening briefs alone contained 2,304 printed pages and 243 typewritten pages. Five appellants were there involved, with many assignments of error and innumerable subpoints. While it was impracticable to cover all of the points in the detail in which they were treated in the briefs, this court considered them all and in the opinion filed, which was condensed to 22 pages, grouped and discussed them as much as could be done within reasonable limits and in so far as necessary to indicate the reasons which controlled the decision.

■ On this appeal the main contention is that the judgments are void under the due process clause of the Fourteenth Amendment to the Constitution of the United States, it being argued that the record discloses, in a number of respects, that the appellants did not have a fair trial. It is first argued that the procedure leading up to their conviction ''was based upon passion and prejudice, misconduct, matters *dehors* the record, and inflammatory matter having no bearing whatever upon the case''; that a conspiracy was not charged in the indictment; that there was no proof of the *corpus delicti;* that there was no legal or sufficient evidence to connect the appellants with the commission of the crime charged; and that each of these constitutes a violation of the due process of law requirement of the federal Constitution.

All of these matters were presented as errors and consideration given thereto on the former appeal. It was there held that the indictment was sufficient, that the *corpus delicti* had been established, that the connection of the appellants with the crime charged had been shown by legal and sufficient evidence, and that no prejudicial misconduct appeared. The record on that appeal, which is now before us, contains ample direct evidence that the appellants were guilty of the crime charged. The contention that this evidence was not sufficient

because it appeared in the testimony of accomplices who were not corroborated has been disposed of and is without merit.

The point that these various matters also constituted violations of the due process clause of the federal Constitution was not raised on the former appeal, at least not before the filing of a petition for a hearing in the Supreme Court. It is now urged that where a judgment is void as violative of the Fourteenth Amendment to the Constitution that point can be raised at any time, and that the Supreme Court of the United States has jurisdiction to review such a void judgment of a state court. This may be conceded, but the question remains whether these judgments are void for the reasons now under consideration. The matters thus relied on as rendering the judgments void were passed upon by the trial court, by this court, and by the Supreme Court in denying a hearing. Those matters have been finally passed upon under the Constitution, statutes and decisions of this state (*People* v. *Marshall*, 209 Cal. 540 [289 Pac. 629]), and in so far as this state is concerned have been held sufficient to support a conviction under the due process of law furnished and established in this state.

■ Another point which was first raised in appellants' petition for a hearing in the Supreme Court in connection with the former appeal, is that section 13 of article I of the Constitution of this state and section 1323 of the Penal Code are in violation of the Fourteenth Amendment to the federal Constitution, to the extent that they permit court and counsel to comment on the failure of the accused to explain or deny any evidence or facts in the case against him. These sections authorizing such comment were cited and approved in the case of *People* v. *Perry*, 14 Cal. (2d) 387 [94 Pac. (2d) 559, 124 A. L. R. 1123]. ■ Moreover, our attention is in no way called to any portion of the record in this case showing that any comment of that nature was here made. It is the duty of appellants to call our attention to matters in the record which are claimed to be erroneous and we should not be expected to search this voluminous record in order to determine whether or not any such thing occurred.

■ The points above raised were passed upon in connection with the former appeal. As a part of that decision it was necessarily found on review of the record that any errors which may have occurred were not prejudicial and could not

have affected the result. This, in itself, was a holding that the fundamental requirement that the due process of law be followed and observed had been complied with. The appellants now contend that such findings and holdings were based upon section 4½ of article VI of the Constitution of California, which reads:

"No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

It is then argued that the term "miscarriage of justice", as used in that section, "can only mean the conviction of a person who is probably innocent"; and that, thus construed, this section violates the provision of the Fourteenth Amendment to the federal Constitution which guarantees a fair trial to every defendant. That section of our state Constitution is not and never has been construed in that manner by the courts of this state. In considering that section shortly after it was originally adopted the court said, in *People* v. *Wilson,* 23 Cal. App. 513 [138 Pac. 971]:

"Under such circumstances we are required to examine the entire cause, including the evidence, and thereby to determine whether the error complained of has 'resulted in a miscarriage of justice.' The phrase, 'miscarriage of justice,' does not simply mean that a guilty man has escaped, or that an innocent man has been convicted. It is equally applicable to cases where the acquittal or the conviction has resulted from some form of trial in which the essential rights of the people or of the defendant were disregarded or denied."

The court then pointed out that in applying this section the matter of guilt or innocence was not to be controlling but, on the other hand, that the matter of how the conviction was obtained was to be considered and the right of the accused to a fair trial under established law and procedure was to be protected. In *People* v. *Mahoney,* 201 Cal. 618 [258 Pac. 607], the court said: "The fact that a record shows a defendant to be guilty of a crime does not necessarily determine that there has been no miscarriage of justice. In this case the

defendant did not have the fair trial guaranteed to him by law and the constitution." In *Tupman* v. *Haberkern,* 208 Cal. 256 [280 Pac. 970], it was said:

"Whether the error found to be present 'has resulted in a miscarriage of justice' presents a question of law on the record before the court, and the purpose of the section was to require the court to declare as matter of law whether the error has affected the substantial rights of the party complaining against it, and not for the purpose of determining the evidentiary value of the testimony or where the preponderance of the evidence lies."

That rule and that construction of section 4½ has been consistently applied in this state and it would serve no useful purpose to cite the many cases so holding.

Section 4½ has for some thirty years served a useful purpose in obviating the necessity for ordering a new trial on account of unimportant errors which could not be expected to affect the result and which have not interfered with the substantial rights of the accused, including the right to a fair trial. But it is the matter of substantial rights and orderly procedure in accordance with established rules of law which is involved in applying that section and determining whether due process of law requirements have been met. It is unnecessary to go back to medieval conceptions of technical niceties in passing upon the question as to whether due processes of law have been followed. In every case involving complicated facts and situations, and taking weeks to try, minor errors are almost inevitable. While such errors are to be found in this record they fall within the provisions of section 4½ of article VI of the Constitution of California, as long construed and applied in this state.

It is now further urged that the giving of instructions to the jury outside of the presence of the appellants was a denial of due process of law. It seems to be claimed that the jurors, prior to their empanelment in this case, had in some other department of the trial court been given copies of a printed pamphlet which contained general instructions as to their duties. Again we are pointed to nothing in the record to show what, if anything, occurred in this regard. There is no showing as to what these general instructions were and nothing to indicate whether or not any possible prejudice could have resulted. It cannot be assumed that the fact

that some or all of the jurors at some other time had been generally instructed as to their duties, or had received other instructions in some other case, would result in a disqualification or would prevent them from fairly acting under and in accordance with the specific instructions given to them in this particular case.

It is next urged that section 1181, subdivision 6, of the Penal Code is unconstitutional as violative of the Fourteenth Amendment to the federal Constitution. This statute provides that where the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, either the trial court or an appellate court may modify the judgment accordingly without ordering a new trial. This procedure was followed on the former appeal taken by these appellants. It is now argued that the Constitution of this state provides for a jury trial; that this state has by statute provided that the jury shall fix the degree of the crime, whenever a crime is distinguished into degrees; that when a state provides something "as the sole means of prosecution", to act otherwise would be a violation of due process of law; that the modification of the judgments which was ordered on the former appeal, with the effect of reducing them from first degree murder to second degree murder, was a departure from the procedure thus provided by this state; that this deprived the appellants of their right to have the jury determine the degree of their guilt; and that due process of law has thus been denied them.

Section 1157 of the Penal Code provides "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty". Subdivision 6 of section 1181 of that code provides, as above noted, that after the degree has been thus found it may be reduced to a lesser degree without ordering a new trial when the evidence warrants that action. This provision has been frequently upheld in decisions in this state, only a few of which need be cited. (*People* v. *Kelley,* 208 Cal. 387 [281 Pac. 609]; *People* v. *Covington,* 1 Cal. (2d) 316 [34 Pac. (2d) 1019]; *People* v. *Kynette,* 15 Cal. (2d) 731 [104 Pac. (2d) 794]; *People* v. *Harvey,* 109 Cal. App. 111 [292 Pac. 654]; *People* v. *Connors,* 124 Cal. App. 216 [12

Pac. (2d) 43].) The appellants now contend that in none of these cases has the point been raised or considered that this statute is in violation of the due process clause of the federal Constitution.

The legislature which provided that the jury should in the first instance fix the degree of the crime has, in subdivision 6 of section 1181, also provided that this degree may be reduced by the courts under the circumstances named therein. The same power which made the first provision as a matter of procedure, has modified it through the other statute and provided for a controlling and corrective procedure under certain circumstances. Both are a part of the process of law established in that regard in this state, and the first has not been provided "as the sole means of prosecution" with respect to this matter, but the second has been included as a component part of that means of prosecution.

Not only has due process of law in this regard been here followed and applied, but it is also true that in finding the appellants guilty of murder in the first degree the jury necessarily found against them on every fact involved in and necessary to finding them guilty of murder in the second degree. Even in the first place, the jury was not free to fix either degree as a matter of mere discretion or choice resting with them, but it was their duty to fix it in accordance with the facts as disclosed by the evidence. Their error in performing that duty could be and was corrected on appeal, not by finding or changing any fact, but by applying the established law to the existing facts as found by the jury, the correction itself being in favor of and beneficial to the appellants. In principle, the procedure thus established in this state, and here followed, has been approved by the Supreme Court of the United States. (*Trono* v. *United States,* 199 U. S. 521 [26 Sup. Ct. 121, 50 L. Ed. 292] ; *Flemister* v. *United States,* 207 U. S. 372 [28 Sup. Ct. 129, 52 L. Ed. 252] ; *Ocampo* v. *United States,* 234 U. S. 91 [34 Sup. Ct. 712, 58 L. Ed. 1231].) We find no violation of the federal Constitution in the matter here in question.

The appellants had previously been convicted of felonies for which each was then serving a term in the penitentiary. Under the law of this state, as set forth in section 669 of the Penal Code, the terms of these appellants under the judg-

ments originally entered in this cause would run concurrently with the terms which they were serving under their prior convictions. When judgments were repronounced as for second degree murder in conformance to our decision on the former appeal, the trial court, after sentencing the respective appellants to imprisonment in the state penitentiary for the term prescribed by law, inserted in each judgment the additional clause "which sentence is ordered to run consecutively with sentence defendant is now serving."

Appellants assign this as error, contending that in doing this the trial court did not follow the directions of this court under which the cause was remanded for a further definite proceeding; that the trial court added something to what it was directed to do by this court; and that it had no authority in law to make such an addition to the judgment.

We think this contention must be sustained. On the former appeal the judgments were, in effect, affirmed except that they were modified in the one respect of reducing them from first to second degree murder, and the cause was remanded for the purpose of having that one matter corrected through the entry of proper judgments. The judgments which were then entered were not new and separate judgments, but they were, in law, the same judgments as had been originally entered, modified as ordered on appeal.

Under section 669 of the Penal Code, the direction as to whether the term under a second conviction shall run concurrently with or consecutively to the term on a prior conviction may only be made by the trial court within sixty days after the date of entry of the judgment upon the subsequent conviction. We think this provision must be construed here as applying to the date when these judgments were first entered and pronounced, and that the remanding of this cause for the purpose of carrying out the one modification which was ordered could not and did not have the effect of extending the time within which the trial court could act in the respect now under consideration, and that it did not authorize or empower the trial court to add anything of this nature to the judgments which had already been approved as modified.

The judgments entered as to these appellants, respectively, are modified by striking from each of said judgments the words "which sentence is ordered to run consecutively with

sentence defendant is now serving." As so modified, the judgments are and each of them is affirmed.

Griffin, J., concurred.

Mr. Justice Marks not having heard the argument, did not participate herein.

A petition for a rehearing was denied April 26, 1941, and appellants' petition for a hearing by the Supreme Court was denied May 8, 1941.