**Matter of the Application of John A. KAUFMAN for a writ of habeas corpus.**

**Civ. No. 916-55.**

United States District Court
D. New Jersey.
Dec. 9, 1955.

Lillian Clawans, Frank B. Bozza, Newark, N. J., for petitioner.

C. William Caruso, Newark, N. J., for the State of New Jersey.

MEANEY, District Judge.

Petitioner has applied for a writ of habeas corpus, asserting that he is held in confinement illegally and without proper warrant. The applicant is in custody under a judgment of conviction and sentence of a court of the State of New Jersey.

The first questions that arise for determination are whether or not the applicant has exhausted the remedies available to him in the courts of the State, and whether or not, having failed to apply for certiorari to the United States Supreme Court, he may petition for a writ of habeas corpus in this court.

A review of the sequence of events concerning proceedings prior and subsequent to his incarceration is a necessary preliminary to consideration of the confronting problems.

Applicant was convicted in the Essex County Court on two counts of an indictment charging him with violation of the provisions of N.J.S. 2A:111–1, N.J.S.A. Appeal was taken to the Appellate Division of the Superior Court which affirmed the conviction on the second count, but reversed on the first count on the ground that said count was defective in that it did not charge a crime. State v. Kaufman, 31 N.J.Super. 225, 106 A.2d 333. The basis of its finding was that the first count charged only a false statement of a present intention to do a future act and did not constitute a misrepresentation of an existing or past fact

and hence the alleged offense was not within the purview of the statute denouncing the crime generally referred to as obtaining money by false pretenses.

Counsel for the applicant thereupon appealed, upon certification granted, from the judgment of the Appellate Division affirming the conviction on the second count of the indictment. The State filed no cross-appeal from the decision of the Appellate Division which declared the first count defective.

After argument before the Supreme Court, 18 N.J. 75, 112 A.2d 721, that court upheld the Appellate Division's finding as to the second count, and although there was no cross-appeal by the State with regard to its holding on the first count, the Supreme Court reversed the Appellate Division and reinstated the judgment of the Essex County Court as to both counts. At the time of argument on the appeal before the Supreme Court, briefs for the defendant were considered and in those briefs there was continual reference to the pronouncement of the Appellate Division in declaring the first count of the indictment defective and insistence that the Appellate Division had "correctly determined" that the first count had not charged a crime. In a supplemental brief filed with the New Jersey Supreme Court on behalf of the petitioner, the matter of the correctness of the determination on the first count of the indictment on the Appellate Court level was argued as an introductory point, preluding the argument on other matters.

■■ After the decision of the New Jersey Supreme Court above referred to, application was made by petitioner for a rehearing, and a recall of the mandate was denied. No application for a writ of habeas corpus was made in the State courts, nor was there any petition for certiorari to the United States Supreme Court (time for filing which had expired before this present petition). In view of the ruling of the Supreme Court of New Jersey and its denial of a request for a rehearing, further possible proceedings in the State courts would evidently be ineffective to protect the rights of the prisoner. Brown v. Allen, 1953, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Master v. Baldi, 3 Cir., 1952, 198 F.2d 113, 116. And while district courts are hesitant about proceeding to entertain petitions for writs of habeas corpus in cases such as the instant one, where there has been no application to the United States Supreme Court for certiorari, such an application is not an absolute prerequisite, and where circumstances warrant it, federal courts may exercise discretion as to whether certiorari as a means of exhausting State remedies will or will not be required. Frisbee v. Collins, 1952, 342 U.S. 519, 520, 521, 72 S.Ct. 509, 96 L. Ed. 541. In the instant case, this court finds special circumstances which seem to warrant the exercise of its discretion in behalf of the petitioner.

■ The denial of due process indicated by the petitioner consists of a negation of a fair trial. At the hearing before this court, counsel for the petitioner contended that the Supreme Court of New Jersey could not constitutionally declare valid a statute which made criminal false statements as to *future* (emphasis supplied) as well as past and present facts in view of the common law and the existing interpretation of false pretense statutes in New Jersey. That argument is completely ineffective. The interpretation of the statutes of New Jersey is the prerogative of the Supreme Court of that State, and barring some conflict with constitutional guarantees such interpretations are conclusive. The construction placed upon N.J.S. 2A:111-1, N.J.S.A., by the New Jersey Supreme Court was entirely proper and violative of no constitutional right of the petitioner.

The next point advanced by the applicant is not of such primary simplicity. He asserts that when he appealed from the determination of the Appellate Division, he, in the very nature of things and by specific reference, appealed only from that part of the determination which was adverse to him, namely the affirmance of

the conviction on the second count of the indictment, and that, since the State did not cross-appeal, the only matter before the Supreme Court was the correctness *vel non* of the Appellate Division's ruling on the second count. He further says that the Supreme Court's arrogation to itself of the right to pass upon the question of the validity of the first count was violative of his right to a fair trial, particularly since he received no notice of the intention of the Supreme Court to pass upon the matter of the first count, and was not heard in opposition thereto.

There would seem to be no question of the fact that the only matter formally brought to the attention of the New Jersey Supreme Court was the affirmance of the Essex County Court with relation to the second count. This court is asked, in effect, to declare that the action of the New Jersey Supreme Court in considering the dismissal of the first count of the indictment by the Appellate Court, and the Supreme Court's reinstatement of that count and the judgment thereon in the Essex County Court, offended "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Snyder v. Commonwealth of Massachusetts, 1934, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674.

Certain rules of the New Jersey Supreme Court require examination in weighing the force of the argument proferred by the applicant on this point. The New Jersey State Constitution gives to the Supreme Court of that State the power to make rules "subject to law" governing practice and procedure in all courts of the State. N.J.Const. Art. 6, § 2, Cl. 3. Under this authorization, the procedure governing appeals has been established. Defendants in criminal cases may petition for certification to the Appellate Division, not as a matter of right, but of sound judicial discretion. R.R. 1:10–2. A significant rule concerning causes on review reads as follows: "The court may exercise such original jurisdiction as may be necessary to the complete determination of any cause on review." R.R. 1:5–4(a) (Supp.). A further rule which may be pertinent gives the plaintiff in any criminal cause the same right to an appeal to the Supreme Court from any judgment of the Appellate Division as is accorded to a defendant. R.R. 1:2–4.

It may be well to note, in addition to the foregoing, that among the reasons to be considered in allowing certification is where the Appellate Division has decided an important question of law which had not been, but should be settled by the Supreme Court. R.R. 1:10–2(d). The instant case would seem to have included such a situation, though it was not made a ground for appeal by the State, as it might have been.

With these circumstances premised, inquiry suggests itself as to the effect of the application of these rules in connection with established principles of law in the cause instantly pressing for decision.

■■■ Ordinarily, questions of administration are left to the State, Snyder v. Commonwealth of Massachusetts, supra, 291 U.S. at page 105, 54 S.Ct. at page 332; Storti v. Massachusetts, 1901, 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed. 120; Kohl v. Lehlback, 1895, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432, which may enforce its own notion of fairness in the administration of criminal law unless it is offensive to basic concepts of justice and the "conscience of our people." Judgments rendered unauthorizedly deprive defendants of the fundamental rights guaranteed them by the 14th Amendment of the United States Constitution.

■■■ So the issue presented here is whether the procedure adopted and used under color of the Rules of the New Jersey Supreme Court in this case violates some principle inherent in the constitutional requirement of due process of law. It is axiomatic that a defendant must be afforded notice and adequate opportunity to make a defense. Powell v. State of Alabama, 1932, 287 U.S. 45, 68, 53 S.Ct.

55, 77 L.Ed. 158; Cf. Coe v. Armour, Fertilizer Works, 1915, 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027. This is important in view of the allegation by petitioner that he received no notice of the intention of the New Jersey Supreme Court to review the finding of the Appellate Division of the Superior Court anent the deficiency of the first count of the indictment.

■ Proceedings in an appellate tribunal are considered to be a continuation of the original litigation rather than the institution of a new action, and they may be taken upon such notice, actual or constructive, as the state creating the tribunal may provide. Everett v. Wing, 1931, 103 Vt. 488, 156 A. 393; certiorari denied, 1931, 284 U.S. 690, 52 S.Ct. 266, 76 L.Ed. 582. The extent to which this often misunderstood principle may go is exemplified in the case of Trono v. United States, 1905, 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292, in which the United States Supreme Court upheld the action of the Supreme Court of the Philippine Islands. In that case a defendant charged with murder and convicted of assault and battery, appealed that conviction to the Supreme Court of the Islands. He was found guilty of homicide by that court after it reversed the conviction of the lesser offense; and in the case of Flemister v. United States, 1907, 207 U. S. 372, 28 S.Ct. 129, 52 L.Ed. 252, in which on appeal from a conviction in the court of the first instance the sentence of the lower court was increased. The rationale in both cases was that such procedures in their usual course comprehended review of the whole case, and that this practice does not deprive the defendant of his right to due process of law. Of course, such inclusive review would not warrant setting aside a judgment of acquittal which would result in the abomination of double jeopardy (with drastic limitation noted by Justice Cardozo in Palko v. Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288).

■ In the instant case there would seem to be no denial of due process inasmuch as the Supreme Court of New Jersey under its published rules may treat all matters in a case under review, either because of specific certification to the court below or by treating them as certified on its own motion, particularly where a question of law calling for determination is present.

It is true that the New Jersey Supreme Court has imposed rigid requirements on the defendant to preclude him from raising questions not raised in his petition for certification and relaxed requirements unfavorably to the defendant by means of implicit certification by itself. That may seem unsportsmanlike, but legal proceedings are not a game and unless the unsportsmanlike acts constitute a shock to justice and fair play to the point of amounting to denial of that illimitable, by definition, "due process of law", which is a constitutional safeguard, no relief may be demanded.

The petitioner herein was afforded such notice and opportunity to defend himself in the New Jersey courts as is consonant with due process of law, and it is the conclusion of this court that he is not illegally deprived of his liberty.

The remarks of Judge Hastie in his concurring opinion in the case of United States ex rel. Auld v. Warden of New Jersey State Pen., 3 Cir., 1951, 187 F.2d 615, 621, effectively cover the question of requiring any further action before considering and dismissing a petition on its merits, resulting in circuitous rerouting of litigation, and seem peculiarly apt for the present case.

The petition for a writ of habeas corpus is dismissed. Let an order in conformity herewith be submitted.