**Application of Melvin STECKER for Issuance of a Writ of Habeas Corpus.**

**Civ. A. No. 643–65.**

United States District Court
D. New Jeresy.

Jan. 10, 1966.

---

Ralph J. Kmiec, Camden, N. J., for petitioner Melvin Stecker.

Norman Heine, Prosecutor of Camden County, by Stephen M. Gretzkowski, Jr., Asst. Prosecutor of Camden County, for respondent State of New Jersey.

### OPINION

MADDEN, Chief Judge:

The petitioner, Melvin Stecker, instituted these proceedings on June 18, 1965, by the filing of a petition for the issuance of a writ of habeas corpus under the provisions of Section 2241 of Title 28, U.S.C. At the time of filing, the petitioner was confined in the Camden County Jail under the custody of the Sheriff of Camden County awaiting re-commitment to the New Jersey State Prison to serve the balance of a 5 to 7 year sentence imposed by the Camden County Court on January 4, 1962, upon his conviction by jury on an indictment charging him with assault with intent to commit robbery.

In his application, the petitioner alleges he was deprived of his constitutional right to a fair and impartial trial in the Camden County Court in violation of the "due process of law" clause of the Fourteenth Amendment of the Constitution of the United States. In support of this allegation, the petitioner alludes to the record of the trial proceedings before the Camden County Court and indicates three instances in the transcript of the trial wherein trial errors or irregularities allegedly occurred. The petitioner contends that these trial errors or irregularities, when considered singularly or cumulatively, are of such magnitude and prejudice that the petitioner was deprived of a fair and impartial trial. This is the sole basis for the petitioner's application and the only federal question raised by the petitioner in these proceedings.

The petition was accompanied by an application for admission to bail pending the return of the writ and a determination of the proceedings by the Court. In his application for bail it appears that the petitioner was arrested on July 1, 1961; that he was released on bail fixed in the amount of $10,000.00 pending and during his trial which commenced on November 30, 1961 and continued through December 4, 1961; that the petitioner was convicted as a result of the trial and remained on such bail until he was sentenced by the Camden County Court on January 4, 1962, whereupon he commenced service of his sentence; that the petitioner filed a notice of appeal on March 26, 1962, and was again released on $10,000.00 bail on the following day, pending the determination of his appeal to the Appellate Division of the Superior Court of New Jersey; that on January 9, 1963, pursuant to an opinion rendered by the Appellate Division, the petitioner's conviction was affirmed; that the petitioner applied for a writ of certiorari to the Supreme Court of New Jersey which was denied on September 16, 1963, during which time the petitioner remained on bail; that the petitioner's bail was continued pending certification to the Supreme Court of the United States by an order entered on October 11, 1963; and that the petitioner remained on such bail until he surrendered himself on June 18, 1965, after it appeared that the petitioner's out-of-state attorney, through some confusion, failed to perfect his application for certification to the Supreme Court of the United States.

On June 22, 1965, this Court ordered the issuance of a writ of habeas corpus, returnable on July 7, 1965;[1] and in the

---

1. Upon a preliminary inquiry it was determined that the petitioner's application was sufficient in form and allegation of facts to invoke the jurisdiction of this Court and to warrant the forthwith award of the writ and the hearing thereon under the provisions of 28 U.S.C. 2243. See Ex parte Royall, 117 U.S. 241, 6

exercise of its discretionary power to admit the petitioner to bail pending the return of the writ, bail was fixed in the amount of $10,000.00.[2] On the same day, a writ of habeas corpus directed to the Sheriff of Camden County was issued and the petitioner was released on bail pending the hearing and determination on the writ.

On the return of the writ, on July 7, 1965, the petitioner appeared through his counsel, and the State of New Jersey was represented by the assistant prosecutor who had tried the case against the petitioner in the Camden County Court and who had argued the matter on behalf of the State on appeal before the Appellate Division of the Superior Court of New Jersey. During the course of the hearing exhibits were introduced into evidence and the arguments of counsel were heard. At the conclusion of the hearing, the decision of the Court was reserved with leave granted to counsel to submit memoranda, and the petitioner was continued on bail until further order of the Court.

██ Jurisdiction of the matter is readily established under the provisions of Section 2241 of Title 28, U.S.C., which affords this Court with the jurisdiction and power to grant a writ of habeas corpus to a state prisoner held in custody in violation of the Constitution of the United States. United States ex rel. Elliott v. Hendricks, 213 F.2d 922 (C.A., 3rd Cir. 1954), cert. den. 348 U.S. 851, 75 S.Ct. 77, 99 L.Ed. 670. The requisite exhaustion of available state court remedies under Section 2254 of Title 28, U.S.C., has been shown. It is well established that under Section 2254 it is sufficient for a state prisoner seeking federal habeas corpus to show that he has appealed unsuccessfully his conviction through the state appellate process wherein he had raised and presented the same federal issue which he raises in his application before the federal district court. Under such circumstances there is no need for the state prisoner to show resort to state post-conviction relief and the full exhaustion thereof since there is either an absence of available state court remedies or circumstances rendering the same ineffective. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v. Allen, 344 U.S. 443 (1953); In re Thompson's Petition, 301 F.2d 659 (C.A., 3rd Cir., 1962); Application of Landeros, 154 F.Supp. 183 (D.C.N.J., 1957); Application of Kaufman, 136 F. Supp. 626 (D.C.N.J., 1955).

██ The issue presently before the Court was previously raised and presented by the petitioner on his unsuccessful appeal from his conviction to the Appellate Division, and on his application for certiorari to the Supreme Court of New Jersey. While the petitioner did not perfect his application for certification to the Supreme Court of the United States in the course of his appeal of his conviction through the state appellate process, nevertheless, this Court is satisfied that the petitioner did not deliberately by-pass or intentionally waive his right to apply to that Court for certification.[3] Hence, this Court is not precluded under Section 2254 from granting the relief requested by the petitioner should the merits of the issue before the Court be determined in favor of the petitioner. Fay v. Noia, supra.

The Fourteenth Amendment to the Constitution of the United States provides that no state shall deprive any

---

S.Ct. 734, 29 L.Ed. 868 (1886); Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857 (C.A.Dist. of Col., 1945), cert. den. 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

2. See United States ex rel. Ackerman v. Commonwealth of Pennsylvania, 133 F. Supp. 627 (D.C., W.D.Pa., 1955) and Johnston v. Marsh, 227 F.2d 528 (C.A., 3rd Cir., 1955).

3. The affidavit of the petitioner's out-of-state attorney who formerly represented the petitioner on his application for certification to the United States Supreme Court is before the Court and, uncontroverted, it provides a sufficient basis for this conclusion.

person of life, liberty or property without due process of law. In broad terms, "due process of law" assures that "fundamental fairness essential to the very concept of justice." In state criminal prosecutions it secures the accused in those certain basic and fundamental rights which are an integral part of the American system of criminal jurisprudence.

No notion of "due process of law" is more essential to fundamental fairness or more basic to the integrity of a judicial system than the right of an accused to a fair and impartial trial. The "due process" clause of the Fourteenth Amendment demands a zealous observance of this right by the courts of the several states in all criminal prosecutions. Where a state criminal trial is otherwise conducted in disregard of this right, "due process" is offended and the Fourteenth Amendment is operative to render the judgment of conviction void. Baker v. Hudspeth, 129 F.2d 779 (C.A., 10th Cir., 1942), cert. den. 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546.

In the instant proceedings the petitioner seeks to have the judgment of conviction rendered against him in the Camden County Court declared void. It is the petitioner's contention that he was deprived of his right to a fair and impartial trial in violation of the "due process" clause of the Fourteenth Amendment, and he bases this contention on the alleged commission or occurrence of certain errors or irregularities during the course of his trial. Thus, inquiry is directed to determine whether the petitioner's trial in the County Court was conducted in such a manner as to amount to a disregard of that fundamental fairness essential to the very concept of justice or a denial of fundamental fairness shocking to the universal sense of justice. Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); Chavez v. Dickson, 280 F.2d 727 (C.A., 9th Cir., 1960); Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Generally, the commission or occurrence of such errors or irregularities merely involve issues relating to state law and procedure rather than to federal constitutional issues and are justiciable only on direct appeal rather than on federal habeas corpus proceedings. The proposition has long been established that habeas corpus cannot be utilized as a substitute for appeal or as a writ of error to review such errors or irregularities. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969 (1915). It is only under circumstances impugning fundamental fairness or infringing upon specific constitutional protections that federal issues are presented. Trial errors or irregularities which are so prejudicial to an accused's right to a fair and impartial trial as to be clearly a deprivation of his constitutional right under "due process of law" constitute a justiciable federal issue which may be adjudicated on habeas corpus proceedings. Lisenba v. People of State of California, supra; Pike v. Dickson, 323 F.2d 856 (C.A., 9th Cir., 1963).

The question before this Court is not whether this Court would have conducted the trial in the same fashion as the state trial court or whether on appeal this Court would view the alleged errors or irregularities as harmless errors as determined by the state appellate court, but whether the alleged errors or irregularities (if they may be regarded as such), either singularly or cumulatively, had the effect of depriving the petitioner of fundamental fairness in a constitutional sense, and, hence, his right to a fair and impartial trial. It is clear that the adjudication of facts relating to the petitioner's claim by the state courts on appeal is not final or binding on this Court in these proceedings, and that this Court is not bound by the state court's conclusion that the errors or irregularities were not so prejudicial to the petitioner as to require a reversal. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1952); Townsend v.

Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1962); Pike v. Dickson, supra.

■ In determining whether there has been a denial of "due process" on the aforementioned grounds the inquiry on habeas corpus is directed to a review of the entire proceedings and not just to each step and part thereof, for if the total result was the granting of a fair and impartial trial, then the petitioner's constitutional right has not been invaded and the proceedings will not be disturbed. Abel v. Tinsley, 213 F.Supp. 784 (D.C. Col., 1962), aff. 314 F.2d 342, cert. den. 375 U.S. 851, 84 S.Ct. 108, 11 L.Ed.2d 78.

The first alleged trial error or irregularity asserted by the petitioner was the admission of a portion of the testimony of a police officer who arrested the petitioner and two other individuals in an automobile some thirty-nine days after the commission of the crime for which the petitioner was being tried. During direct examination by the state, and in response to the question of what the officer found in the car, the arresting officer testified that when he arrested the petitioner he found a revolver, Nevada license plates, rubber gloves, a glass cutter and other plates in a brief case inside the car. Counsel for the petitioner urges that such testimony was prejudicial since the assistant prosecutor elicited this testimony despite the fact he knew there was no evidence to connect the articles found to the petitioner or to the crime for which the petitioner was being tried and despite the fact that a concealed weapons charge had been preferred against the petitioner but had been dismissed by the Court with consent of the prosecutor.

Defense counsel made no objection either to the question propounded to the officer or to testimony elicited, but, rather, attempted to minimize the effect of such testimony during his cross-examination of the officer by showing that the petitioner did not have possession of the articles found and that the concealed weapons charge was dismissed against the petitioner because of the admission of one of the other individuals arrested that the revolver belonged to him. It was also during this cross-examination that the officer was asked by the Court, if, so far as he was concerned, there was any proof that the petitioner had anything to do with the revolver, and the officer replied, "Not at this time." The petitioner argues that despite the additional statement made by the trial judge that he had previously dismissed the charge of carrying a concealed weapon against the petitioner as being unwarranted, the petitioner was prejudiced by the implication to the jury that the petitioner was involved in criminal activity other than the crime for which he was being tried. The petitioner also makes moment of the fact that the trial judge did not instruct the jury to disregard the testimony regarding the revolver and the other articles found.

In this connection, the petitioner asserts that the assistant prosecutor also made mention of the revolver found by the arresting officer in or during the course of his summation to the jury, inferring that the charge of carrying a concealed weapon was dismissed against the petitioner because another had taken the "rap" or assumed the responsibility.

The second alleged error or irregularity was the introduction into evidence, without objection, of the so-called "mug or rogue's gallery shots" of the petitioner and the other two individuals who were arrested with him. Counsel for the petitioner urges that these pictures which were taken shortly after the arrest have no valid basis for being introduced into evidence and did in fact instill in the minds of the jury the notion that the petitioner and the other two individuals were dangerous criminals, thereby being prejudicial and inflammatory.

These pictures were identified and offered to substantiate the reasonableness of the choice of subjects placed in the line-up at which the petitioner was identified as the assailant by the victim and chief witness of the state. Upon a previous cross-examination of another arresting officer, defense counsel had

attacked the reasonableness of the police line-up and elicited the identity and description of the individuals used therein which included the petitioner and the other two individuals depicted in the "mug shots."

The third alleged error or irregularity was the reference made by the assistant prosecutor during the course of his summation to the jury regarding the petitioner's explanation of his presence in the Camden area at or about the time of the crime for which he was being tried. The petitioner on cross-examination stated that he was a professional bail bondsman from the State of Maryland and in the Camden area in an attempt to locate an individual who had fled the jurisdiction of Maryland in violation of his bail bond. The assistant prosecutor impugned the petitioner's explanation by stating that the petitioner as a bail bondsman from Maryland had no right to pursue or apprehend a bail jumper and that he was obliged, if he knew the whereabouts of such a person, to inform the proper authorities. In so many words, the assistant prosecutor implied that the petitioner's explanation could not be believed. Defense counsel objected to the assistant prosecutor's comments on the grounds that the assistant prosecutor had no right to comment on the law of Maryland which was not proved before the court. While the trial judge did not expressly sustain the objection he did preclude the assistant prosecutor from making any comment on the law of Maryland regarding the subject of bail bondsmen and so advised the jury that the assistant prosecutor had no right to comment on the law of Maryland on this point without proof of such law.

While it is most difficult to determine the effect which the alleged errors or irregularities had, singularly or collectively, on the jury and it would only be a conjecture as to the prejudicial ramifications, if any, it does not seem that the three alleged errors or irregularities are so prejudicial in and of themselves as to impair the fairness and impartiality of the trial. Even if these incidents may

be considered as errors or irregularities, they do not appear to be of such magnitude as to be a denial of fundamental fairness or shocking to a universal sense of justice. In viewing each incident or occurrence under the circumstances in which they transpired and in light of the entire record of the trial, they do not amount to a denial of fundamental fairness in a constitutional sense.

As to the first alleged error regarding the testimony of the arresting officer and what he found in the car upon the arrest, perhaps it was unfair to elicit such testimony, but certainly the effect of any unfairness was sufficiently minimized and neutralized by the cross-examination of the officer by defense counsel and the statements by the trial judge. As to the introduction of the "mug shots" into evidence, admittedly, such pictures do not depict the petitioner and the others at their best, but it may be assumed that the jury was aware that such photography is a part of policy procedure upon arrest of persons charged with crime. The pictures were admitted without objection and on relatively sound grounds to justify their admission into evidence. Finally, as to the comments of the assistant prosecutor upon his summation regarding the petitioner's explanation of his presence in the Camden area on or about the time of commission of the crime, the objection of defense counsel and the subsequent restraint of the assistant prosecutor by the trial judge, together with his statements to the jury, appear to have minimized any possible effect of serious prejudice and impropriety.

Having reviewed the entire record and having considered the alleged trial errors or irregularities, singularly and collectively, in light of the record, this Court cannot state that the petitioner was denied fundamental fairness or a fair and impartial trial. Although this Court may or may not have conducted the trial in the same fashion, or, possibly, viewed the alleged incident not as harmless errors, it cannot state that an examination of the record leads it to conclude the

petitioner did not have a fair and impartial trial as required by the constitutional mandate of "due process of law."

Therefore, the petitioner's application will be denied and the writ cancelled. However, in view of the fact that the petitioner has been released on bail during and pending his appellate proceedings in the state courts, and, also, during and pending this proceeding and determination, the petitioner will be continued on present bail for the further period of thirty (30) days from the date of entry of a final order in this matter to afford the petitioner opportunity to make whatever further applications he may desire.

Counsel will prepare an appropriate Order in accordance with this opinion.

